Van Wyck, J.
[After stating the facts as above.] This appeal presents for our consideration two points :
First. Did Margaret Ann White, by representing to James Merryman that her name was Elizabeth 0. Roberts, and executing to him a deed of the premises under her then *125 assumed name of Elizabeth C. Roberts, make it her own deed and become liable on the covenant of warranty therein ?
Second. Does the breach of a covenant of warranty, by the legal eviction of the heirs of a grantee to' whom a deed with this covenant was made by the grantor, who was the grantee in a deed with like covenant made by his grantor, give a canse of action for such breach to such heirs against the grantor in the deed first executed ?
We will consider these two propositions in the above order. The counsel, on their oral argument and printed points on this appeal, seem to rest the liability or non-liability of Margaret Ann White on the covenant contained in the deed she executed to Merryman under the assumed name of Elizabeth C. Roberts, on the theory that she assumed without authority to act as the agent of the person bearing the name that she assumed in the execution of this deed ; the appellant insisting that she became the principal, and liable on the contract itself; the respondent insisting that she did not thereby make the deed her contract, but was liable only in an action for damages on the ground of fraud.
The early cases in this State substantially hold that a person who seals a bond or makes a contract as attorney for another, without authority, is personally liable as if he had contracted in his own name as principal. And this conclusion was reached in some of these cases through an artificial reasoning that where one signed the name of his pretended principal and his own name under it as agent, the principal’s name being signed without authority should be stricken out as surplusage, which would leave the instrument signed by the pretended agent alone, and thus he would be the principal (Dusenbury v. Ellis, 3 Johns. Cas. 70; White v. Skinner, 13 Johns. 307).
But at a later period this doctrine was questioned, and finally the broadness of the rule was greatly modified. In Walker v. Bank of State of N. Y. (9 N. Y. 582), Judge *126 Selden states that in England, and some of the other States, one “ executing a contract as agent, without authority, is held liable, not upon the contract itself, but in an action on the case for damages.”
In White v. Madison (26 N. Y. 117), Judge Selden, writing the opinion of the court, says that the authority of Dusenbury v. Ellis has been somewhat shaken by the opinion in Walkers. State Bank ; and in England, and in several of the States, that the principle that the unauthorized agent is liable on the contract itself has been substantially repudiated, citing English and American authorities to sustain the declaration, and affirms the principle that where one executes a contract as an agent for another, “he warrants his authority,” and that an action on such warranty of authority is.appropriate where the agent has no authority to make the contract.
In Dung v. Parker (52 N. Y. 494), Judge Andrews says : “ There was a diversity of judicial opinion as to the form of action ” against one who assumes to act for a prin- ' cipal without authority, and draws another into a contract upon such assumption. “ The earlier cases in this State allowed the defendant to be charged in an action of assumpsit, upon the contract, treating the assumed agent as principal.” ' The later decisions seem to regard the liability, in the absence of fraud, as resting upon an implied warranty by the agent of his authority to make the contract into which he entered. “ If the act of the agent was fraudulent, an action for deceit is a concurrent remedy.”
In Baltzen v. Nicolay (53 N. Y. 467), the court affirms: “ The later and better considered opinion seems to be that his (unauthorized agent’s) liability, when the contract is made in the name of his principal, rests upon an implied warranty of his authority to make it, and the remedy is by an action for its breach.”
From this line of decisions Margaret Ann White cannot be held liable on the covenants themselves in the deed to Merryman, on the theory suggested by appellant that she *127 assumed to act as the agent of Elizabeth C. Roberts without authority, and thereby made it her deed, and its covenants her covenants.
The plaintiffs in this action have been wronged and damaged by Margaret Ann White, and they should be sustained in the effort to secure redress from her estate, if it can be done without violating well settled precedents. It seems that an action against White, or her personal representative, would not lie in favor of these plaintiffs on a breach of implied warranty of her authority to act for Roberts, or an action on the case for deceit in fraudulently representing to Merryman that she had such authority ; but these forms of action would only lie in favor of Merryman, to whom the false representation of agency was made, or to whom she warranted her authority ; and he has suffered no loss, for he sold the land to Fritz Schad, and received from him all he paid for it, and Schad’s heirs alone have been damaged by the act of White.
Did White fraudulently represent herself to be agent of Roberts, or warrant her authority as such agent? We think not. She claimed to be acting for herself and to execute the deed for herself, and not as the agent of Roberts, though she did so under a name which some one else bears, and though she herself was known most generally by the name of White.
The courts have held that a person can have two names. Can one contract with another under a name she represents to be her name, and then avoid liability on the contract when her identity is unquestioned, by claiming that the name she held out to be her own was not the name by which she was best known to the world ? Admitting that she was known by the assumed name to the contracting party by her own representation to him, we think the name under which she contracted was her name for the purpose of the contract, and she is estopped from denying or repudiating the same for the purpose of relieving herself from the obligations of the contract and covenants made by her *128 under such name. There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity.
There-is nothing in the law prohibiting one from taking another name if he desires, and contracting under the name he may choose or assume. Does any length of time have to transpire before the person, contracting under the name he chooses and by which introduces himself to the other contracting party, is obligated by the terms of the contract % We hardly believe the courts are called upon to deal in such refinement, if by so doing solemn contracts are avoided and great wrong worked. “ The law only looks to the identity of the individual, and when that is clearly established the act will be binding upon him (Matter of Snook, 2 Hilt. 566; England v. N. Y. Publishing Co., 8 Daly, 375).
It has been held that a judgment against A. Jones establishes a lien against Abel Jones, if the identity of one with the other is proven (Jones’ Estate, 27 Penn. St. 336). A note signed Robinson Dashfield Prettyman will sustain an action thereon against Dashfield R. Prettyman if identified as the same person (Prettyman v. Waples, 4 Harring. 299). To establish title to land John Whatson can be shown to be John Watson (Toole v. Peterson, 9 Ired. 180). To a plea of misnomer, it is sufficient to reply that the party is known as well by one name as the other (Selman v. Shackelford, 17 Geo. 615). In an action againt William Bryant on a-bond executed by William Francis Bryant, it was shown he was known by both names ; held, sufficient to sustain the issue, and that there was no variance (Williams v. Bryant, 5 Mees. & W. 447). A capias against Cocken by the name ¡'f Cocker; held the issue established by proving the writ issued against Cocker, who though truly named Cocken was the real party intended to be sued (Finch v. Cocken, 5 Tyrwhitts, 774).
The underlying principle of these cases tends to show that a person can obligate himself under any name he may assume, and the identity of the individual with the contracting name chiefly concerns the court.
*129 The demurrer admits the allegations of the complaint, which clearly identifies Margaret A. White, the testatrix of defendant, with the person who, under the name self-chosen and assumed, and represented by her to Merryman to be her name, executed the deed, on the covenant- of warranty of which this action is brought. We think she became liable on the deed itself as the grantor therein, and for the breach of the covenant.
This brings us to the second point raised on the appeal; Whether or not the heirs of the grantee of White’s grantee have a right of action against her, or, rather, her personal representative, for breach of the covenant of warranty, in. that they were legally ejected from the premises, because she had no title to premises conveyed by the deed.
There was a covenant of warranty in the deed of Margaret A. White, under the self-assumed name of Boberts to Merryman, and also in the deed of Merryman to Fritz Sehad, who died intestate, leaving him surviving and in possession of the premises the plaintiffs, his widow and children ; and the covenant of warranty was broken by the eviction of such heirs, said plaintiffs, at the suit of the actual owner of the premises so conveyed by these deeds. This covenant is the most comprehensive and useful of the covenants in our deeds. It is stated in 3 Washburne on Real Prop. p. 659 : “ It is future in its terms and operation, and runs with the estate to which it is made into the hands of whomever becomes the owner of such estate. But if once broken by an eviction the covenant of warranty stands upon the same ground as the covenants which are broken as soon as made,” citing Wilson v. Cochran (46 Penn. St. 229). In this case, Judge W oodwaud says: “If the covenant be for seisin or against encumbrances, it is broken as soon as made if a defect of title or an encumbrance exist, but if it be a covenant of warranty it binds the grantor to defend the possession against every claimant of it by right, and is consequently a covenant against rightful eviction. To maintain an action for breach of it, an eviction must be laid and *130 proved, not necessarily by judicial process, or the application of physical force, but by the legal force of. an irresistible title.”
When A. grants to B. who grants to 0., Iboth grants being with warranty, then 0. dies intestate leaving heirs in possession of the granted premises, who are evicted by title paramount to A.’s title, it seems to be now well settled in this.State that such Evicted heirs have a cause of action on such breach of the covenant of warranty against A., grantor in the first deed (Withy v. Mumford, 5 Cow. 137; Suydam v. Jones, 10 Wend. 179, 184; Ford v. Wadsworth, 19 Id. 334, 337 ; Beddoe’s Ex’r v. Wadsworth, 21 Id. 120, 124; 3 Washb. on Real Prop. 3 ed. star page 662, §§ 19, 20 and 21).
The intimation of the court in Kane v. Sanger (14 Johns. 89), that the grantor in the second deed conveying with covenant of warranty would deprive the grantee in that deed of the right of action against the grantor on a like covenant in the first deed, hds been overruled in the above cases.
In Greenby v. Wilcocks (2 Johns. 1), no eviction was alleged, and therefore there was no breach of warranty shown, and 2ffaintiff’s cause of action rested on the covenant of seizin, and the breach of this occurred at the instant of making the deed and became a chose in action, which was not assigned by a deed from the grantee in that deed to a subsequent grantee. We refer to these last two cases because the respondent seemed to rely greatly upon them as tending to sustain the demurrer.
The order sustaining the demurrer and judgment must be reversed, and judgment ordered for plaintiffs on the demurrer, with costs, etc.
Clement, Ch. J., concurred.