JANSSEN & FREYSCHLAG, Plaintiffs in Error, v. M. STONE, Defendant in Error.

### Kansas City Court of Appeals, January 14, 1895.

1. **Possession**: PRESUMPTION: EVIDENCE. Possession or ownership of either realty or personalty once proved to exist, is presumed to continue until the contrary is shown, or a different presumption is raised from the nature of the subject in question. *Bethel v. Linn,* 63 Mich. 646, *distinguished.*

2. **Chattel Mortgages**: MERCHANDISE; PRESUMPTION. Where a chattel mortgage of a stock of goods permitted the mortgagor as agent of the mortgagee to sell in the usual course of business, a court will not, after a lapse of three months, presume that not only all the goods were sold, but also furniture and fixtures covered by the mortgage.

3. ——: STOCK OF GOODS: PRIMA FACIE CASE. When a mortgagee shows his mortgage and that he was by the mortgagor in possession of merchandise and trade fixtures answering the description in the mortgage, and which the defendant had taken under writs of attachment, he establishes a *prima facie* case, and casts upon the defendant the burden of showing that the mortgaged property had been disposed of and replaced.

*Error to the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

*W. D. Summers* and *Ellis & Cook* for plaintiff in error.

(1) As the defense offered nothing whatever in the shape of evidence and simply challenged the sufficiency of plaintiff's case, the situation is precisely that of a demurrer to evidence. The plaintiffs are entitled, at every point—the pleadings, the evidence, the stipulation and the findings—to the benefit of the most favorable view of the case consistent with reason. *Noeniger v. Vogt*, 88 Mo. 589–592, 3; *Larson v. Railroad*, 110 Mo. 234; *Healy v. Simpson*, 113 Mo. 340–45. (2) The identity of the property mortgaged with that sued for by plaintiffs, and that seized, claimed and defended by defendant—is absolutely fixed by the pleadings. (3) In the absence of evidence to the contrary, every article of personal property which was within the building in question at the date of the execution of the mortgage, must be presumed to have been there at the time the possession of Miller & King was disturbed by defendant. A *status* once shown to exist is presumed to continue undisturbed until some change or disturbance is shown. Answering defendant's "points and authorities" II. 1 Greenleaf, Evidence, 41; *Cargile v. Wood*, 63 Mo. 501–514; *Haskings v. Railroad*, 58 Mo. 302; *Weber v. Armstrong*, 70 Mo. 220; *Voorhis v. Langsdorf*, 31 Mo. 451; *Houston v. Tootle*, 72 Mo. 632; *Shaffer v. Pickrell*, 22 Kan. 431.

*Burney & Burney* for defendant in error.

(1) In an action of replevin the plaintiff must prove that the property sued for is the identical goods and chattels to which he is entitled. Wells on Replevin, sec. 209, p. 97–101; Cobbey on Replevin, sec. 992; 2 Greenleaf on Evidence, sec. 567; *Johnson v. Neale*, 6

Allen, 227; *Coder v. Stotts*, 32 Pac. Rep. 1102; *Mahoney v. Smith*, 7 Mo. App. 578. (2) In the case of a lot of goods kept for sale at retail with provision to replenish the stock if necessary, and shown to have been dealt with in that manner, there is no presumption that such goods once identified as being in a building remain therein three or four months afterward. *Bethel v. Linn*, 6 West Rep. 167; *Coder v. Stotts*, 32. Pac. Rep. 1102.

SMITH, P. J.—This is an action of replevin to recover a certain stock of goods and merchandise, which were in the possession of defendant, a constable, under the liens of certain writs which had been to him issued in certain attachment suits against Miller & King.

The petition alleged that the plaintiffs were entitled to the possession of "the entire stock of merchandise, notions and department stores, viz: Refrigerator,. water tank, milk shake and fixtures, soda pop, tobacco, canned goods, candies, show cases and counters, confectionery goods, lanterns, salt, groceries, tinware, meats, flour, corn meal, glassware, oil tank and contents, tables, bureaus, pictures and chairs, brooms, book case, fire proof safe, crockery ware, thread and case, cutlery goods, wooden and queensware, dry goods and furnishing goods, lamps, shoes and gloves, and all the store and office furniture, fixtures and appliances of trade now contained or heretofore kept about the store building of Miller & King, in the village of East Lynne." The answer admitted that at the time of the filing of the petition, defendant was in possession of the goods and chattels therein described, but controverted all the other allegations of the petition. The only issue thus. made by the pleadings was that of the plaintiff's right. to the possession.

The plaintiff, to sustain this issue, introduced in evidence a mortgage from Miller & King, in which the description of goods and chattels is the entire stock of general merchandise, notions, department store supplies and store and office furniture, fixtures, appliances of trade, and all kinds of goods, wares, merchandise, furniture, fixture, choses in action and chattel property, now owned by said first parties (Miller & King) and contained in and about the store building, or on the ground adjacent thereto, now and heretofore occupied by said first parties and Mrs. Rebecca Miller, in East Lynne, as a store, etc. The plaintiff introduced a witness who testified that he knew the location of the building in which the mortgagors were doing business, from the date of the mortgage in March until July, when their store was levied on by defendant.

The cause on substantially this evidence was submitted to the court, without the intervention of a jury, whose special findings were to the effect following: "*First.* That the mortgage in evidence was, at the commencement of this action, and is, a valid lien upon the property described therein to the amount of, and to secure the notes in evidence. *Second.* That the building referred to in the mortgage is the same building in which the property seized in this action was located at the time of such seizure. *Third.* That defendant was in possession of the property described in plaintiff's petition at the time of the commencement of the suit, and that the plaintiff had made due demand of defendant for the possession thereof," etc.

The judgment was for defendant, to reverse which the plaintiff brings the case here by writ of error. The validity of the mortgage was and is conceded. It provided that, if the indebtedness be not paid as therein specified, it should remain in full force; and that, in the meantime, the mortgagors, or their authorized agents,

might sell said merchandise for cash, in the usual course of business, and should keep an accurate account of all such sales and the proceeds thereof, less the necessary and actual expenses of making the sales, should be applied to the payment of the mortgage indebtedness. And that any custody or control, which the mortgagors, or any former agent or employee of said mortgagors, might exercise over said mortgaged property, during the existence of the mortgage, should be as agent and representative of the mortgagors, to sell said property and make weekly remittances of the proceeds thereof and not otherwise, etc.

The only question which is discussed in the briefs of counsel is as to whether the property sued for by them was proved to be identical with that described in the mortgage. The court found from the evidence, as we have seen, that the building referred to in the mortgage, was the same building in which the property levied on was situate. There is no evidence that there had been any change in the property between the time of executing the mortgage and the date of the attachment; nor that any goods had been,. during that time, which was about three months, purchased and added to the stock. It is true the mortgagors had power, under the mortgage, to purchase other goods and place them in the store, but the evidence does not disclose that they did so. Since there is no evidence of any sales of, or additions to, the mortgaged stock, what is the reasonable presumption arising on these facts? Is it not that the property taken from the possession of the mortgagors, who were plaintiffs' agents, was the same described in the mortgage, or what was left of it, if any had been sold? Possession or ownership of either realty or personalty, non possession or loss, debts and other conditions, once proved, to exist, are presumed to continue until the contrary is shown. Lawson on Pre-

sumptive Evidence, rule 29, chapter 7, p. 63. On page 168, the same author states the rule to be that a particular state of things being once proved, that state is presumed to have continued until the contrary is established by evidence, either direct or presumptive. And in *Cargile v. Wood*, 63 Mo. 501, it is said that when a particular *status* exists, the law will presume its continuance and when it is asserted that it has been changed, some evidence of that fact must be produced. And to the same effect is *Kidder v. Stephens*, 60 Cal. 414; *Peppel v. Teilen*, 58 Cal. 218; *Harriman v. Insurance Co.*, 49 Wis. 71. And in 1 Greenleaf on Evidence, sec. 41, it is stated, when the existence of a state of things is once established by proof, the law presumes that it continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.

But it is contended that this rule is without application to a case of this kind, and in support of such contention, *Bethel v. Linn*, 63 Mich. 464, is cited. That case is distinguishable from this, for there the party was engaged in merchandizing and *in continued buying and selling of commodities in their line of business*. But here there is no evidence showing that the mortgagors continued buying and selling such goods as were in their line of business. Of course, had this been shown, the presumption that the goods on hand at the time the mortgage was executed, were still so at the time of the levy of the attachment, would have been overthrown, according to the ruling of the case just referred to. Nor can we presume, in the absence of any direct or presumptive proof, that either a purchase or sale was made of any of the goods by the mortgagors, during the three months just preceding the levy, that they, in the usual course of their business, not only sold out all of their goods, wares and merchandise, but also their

"office furniture, fixtures, appliances of trade of all kinds," and resupplied the same by purchase of like articles, so that, at the time of the levy, none of the mortgaged property was in the store. That it is possible, though not probable, that the mortgagors, in the ordinary course of their business, in the short period of three months, should have been able to turn over their entire stock, but that they should have also, in that brief period, sold their office furniture, fixtures, and appliances of trade of all kinds, and substituted other like articles instead thereof, is unusual and improbable. It seems to us that this would be contrary to all mercantile experience. From the testimony of a witness, to the effect that he knew the location of the mortgagors' business, the building in which they were doing business during the three months preceding the levy, we do not think a presumption arises that none of the articles of merchandise, nor of the fixtures and appliances of trade that were in the store at the time of the levy thereon were the same as those that were there when the mortgage was given. There is certainly no evidence of any fact that would give rise to a different presumption in respect to the furniture and fixtures, or that they were not those described in the mortgage.

Indeed, it seems to us that when the plaintiffs showed their mortgage and that they were, by the mortgagors, in possession of merchandise and trade fixtures, answering the description in said mortgage, which defendant had taken from them under his writs, this established plaintiff's *prima facie* case and cast upon the defendant the burden of showing that the mortgaged property had been disposed of and replaced with that levied on, and which was not, therefore, subject to the mortgage. If any part of the property levied on had been acquired and brought into the store subsequent to the giving of the mortgage, the burden was on the

defendant to show it. There seems to have been little or no occasion for the parties to have left the issue of fact in the case to be determined by mere presumption, while abundant direct evidence pertinent to the issue seems to have been easily accessible.

We do not feel that the case upon the evidence, even as adduced, has been fairly determined, and so we will reverse the judgment and remand the cause for further trial, in conformity to the views herein expressed. All concur.