FAIRBANKS-MORSE COMPANY, Appellant, v. COULSON STOCK FOOD COMPANY, Defendant; ROSCOE REYBURN, Interpleader and Respondent.

**Kansas City Court of Appeals, October 3, 1910.**

1. **CHATTEL MORTGAGES: Priority of Liens.** A manufacturer sold and delivered machinery to a corporation and took a mortgage upon the same to secure a part of the purchase price. This mortgage was not recorded until after the filing of a mortgage, covering this and other property, given by the president of the corporation individually, to secure money borrowed to carry on the business, some of which was done in the name of the corporation but all of the business, including payments on said machinery was done with his own money and that borrowed individually. *Held*, that the latter mortgage was a prior lien upon said machinery.

2. **DECLARATIONS OF LAW: Non-Prejudicial Error.** In actions at law, tried by the court without a jury, declarations of law are important only as indicating the theory on which the case was tried. And where on the whole record the judgment appears to be for the right party, errors in the law declared will be regarded as non-prejudicial and as constituting no ground for reversal of the judgment.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

*Halbert H. McCluer* for respondent.

JOHNSON, J.—This is an attachment suit and the contest is between plaintiff, the attaching creditor and the interpleader, a mortgagee. The suit originated before a justice of the peace. A jury was waived in the circuit court where the cause was tried on an appeal and judgment was rendered for the interpleader. Plaintiff appealed.

The material facts thus may be stated. Plaintiff a manufacturer, sold and delivered some electrical machinery to the Coulson Stock Food Company, a corporation incorporated in Nevada but doing business in Kansas City. Part of the purchase price was paid but three notes given by the Coulson Company for the remainder aggregating one hundred and fifteen dollars, were not paid and are the foundation of the present action. These notes given at the time of the sale, October 20, 1906, were signed "Coulson Stock Food Co., Inc. by A. R. Coulson, Pres.," and their payment was secured by what we shall call a chattel mortgage which was executed by the Coulson Company at the time of the execution of the notes and which covered the property sold by plaintiff to that company. This mortgage was not filed in the office of the recorder of deeds until January 9, 1907.

The Coulson Stock Food Company was incorporated in Nevada in September, 1906, with an authorized capital of $250,000. The articles recited that 131004 shares of the capital stock of the par value of one dollar each were subscribed, of which 131,000 shares were subscribed by A. R. Coulson. None of the subscription price of this stock was paid into the treasury and the corporation existed on paper only. Coulson, its promoter, lived in Kansas City and began the

business for which the corporation was organized on money and credit of his own. He leased property in his own name but the sign he put on the building bore the name "The Coulson Stock Food Company." He transacted some business in the name of the corporation, but all of such business, including the payments on the machinery bought of plaintiff, was done with his own money and with that he borrowed individually. In November, 1906, he borrowed twenty-one hundred dollars of a bank and interpleader signed the note as surety. To secure himself, interpleader took a note of twenty-one hundred dollars from Coulson, the payment of which was secured by a chattel mortgage executed by Coulson and conveying all the personal property belonging to the stock food business including the machinery in controversy which had been installed in the building where that business was being conducted. The mortgage stated that all this property belonged to Coulson individually though it described the building as "now occupied by the A. R. Coulson Stock Food Company." This mortgage was filed for record November 31, 1906, more than a month before plaintiff filed its mortgage. Interpleader was compelled to pay Coulson's note to the bank and default having occurred in the performance by Coulson of the conditions of the mortgage, interpleader took possession of the mortgaged property; sold it under the terms of the mortgage and afterward bought the property in controversy from the purchaser at that sale. Plaintiff then brought suit against the Coulson Stock Food Company on the unpaid notes, had a writ of attachment issued in aid of the action, and caused the writ to be levied on the machinery it had sold to the Coulson Company.

A number of declarations of law were asked by plaintiff and refused by the court. We are convinced the judgment was for the right party and do not find that special reference to the declarations of law is es-

sential to a proper disposition of the case. In actions at law tried by the court without a jury, declarations of law are important only as indicating the theory on which the case was tried. [Baumhoff v. Railway, 171 Mo. 120.] And where on the whole record the judgment appears to be for the right party, errors in the law declared will be regarded as non-prejudicial and as constituting no ground for a reversal of the judgment. The interpleader was in possession of the property at the time of the levy of the attachment writ and the burden was on plaintiff to show that it held a better title and right of possession than that claimed by the interpleader, whose possession under claim of ownership made a prima facie case in his favor. This is not a suit by plaintiff to enforce the lien of its mortgage and the only part that instrument can play in this suit is to evidence the fact which is practically conceded, that the property was bought of plaintiff not in the name of Coulson individually, but in the name of the paper corporation that bore his name. The good faith of the transaction which gave rise to the interpleader's claim of ownership is not challenged and the only questions at issue are these: First, Is the interpleader as mortgagee being in privity with his mortgagor estopped from denying the corporate existence of the Coulson Stock Food Company? Second, If he is so estopped, was his mortgage void on the ground that it attempted to convey the property belonging to the corporation to secure the individual debts of Coulson?

We agree to the proposition that Coulson having dealt with plaintiff in the name of the Nevada corporation would be estopped in an action prosecuted by plaintiff to enforce some right growing out of that dealing, from denying the legal existence of the corporation. [White v. I. O. O. F., 30 Mo. App. 682; Father Matthew Society v. Fitzwilliam, 12 Mo. App.

445; Bradley v. Reppell, 133 Mo. 545.] And that such estoppel would extend to one in privity with Coulson. [Bradley v. Reppell, supra.] Under this rule, we hold the interpleader estopped from denying that the Nevada corporation was a legal entity, or that it became the purchaser from plaintiff of the property in dispute.

Further, we agree with plaintiff that "when a particular status exists the law will presume its continuance and when it has been changed some evidence of that fact must be produced." [Cargile v. Wood, 63 Mo. 501; Diel v. Stegner, 56 Mo. App. 535; Janssen v. Stone, 60 Mo. App. 402.] But we think the evidence shows conclusively that there had been a change in the status of the property when the interpleader received the chattel mortgage from Coulson. Despite the recital that the Coulson Company was occupying the building, the mortgage disclosed that Coulson himself was the owner of the property conveyed and the other evidence supports that declaration. The fact of his ownership was not dependent on the existence of a formal sale or transfer of the property by the corporation to him, but might be evidenced in other ways. The merely nominal proprietorship of the corporation had been cast aside and Coulson who was "the whole thing" had assumed possession and proprietorship. This he might do and we perceive no good reason for saying that he could not borrow money on the credit of the property for the uses of the business. Plaintiff is unfortunate in not having filed its mortgage until after the mortgage of interpleader was filed. As a simple contract, creditor, plaintiff's claim under the attachment levy is inferior to the claim of interpleader derived through his mortgage lien. The judgment is affirmed. All concur.