## CHARLES C. RADLEY, Appellant, v. B. J. MEEKS, Respondent.

### Kansas City Court of Appeals, March 2, 1914.

1. COVENANTS: Deeds: Assumed Name: Warranty. One who really owns land, the title to which is in the name of another, and who directs that other to make a warranty deed to a third person, which is done, the act of making the deed is not the owner's act under and assumed name and he is not liable on the warranty.

2. ——: ——: ——. M. owned land in Kansas the title to which was in the name of F., his stenographer. R. owned land in Missouri and he and M. made an exchange, M. directing F. to make and acknowledge a warranty deed to R. There was a failure of title to the Missouri land and R. brought his action on the warranty against M., alleging that he had executed the deed and made the warranty under the assumed name of F. It was *held* that he could not maintain such action.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Mathew McBride* and *Ralph H. Munro* for appellant.

*Paul D. Kitt* for respondent.

ELLISON, P. J.—Plaintiff's action is for a breach of covenant of seizin by defendant, made in a warranty deed whereby he alleges he was damaged in the sum of one thousand dollars. Defendant demurred to the petition on the ground that it failed to state a. cause of action. The demurrer was sustained by the trial court, and plaintiff has brought the case here.

The petition charges that defendant owned lands in Kansas and plaintiff owned lands in Missouri and that they exchanged them, each executing to the other warranty deeds, but that the title to a portion of the land in Missouri owned by defendant, failed. So far the case is simple enough, but what follows has afforded the ground for defendant's insistence that no cause of action is stated. It is charged in the petition that defendant had in his employ a female stenographer whose name was P. A. Follett, and that while the land in Kansas was owned by defendant, the title thereto was in the name of P. A. Follett and that the deed from plaintiff to the land in Missouri was taken by defendant in the name of P. A. Follett. But the petition charges that in such exchange defendant "*assumed* the name of P. A. Follett" and that he held the title to the Kansas land and received the title to the Missouri land in the "assumed" name of P. A. Follett. Now, while that is charged, it clearly appears from the pleading that the land in Kansas was in the name of P. A. Follett, a real person, and that the deed to the land in Missouri was taken in the same name. It further appears that P. A. Follett in point of fact, executed and acknowledged the deed upon which this action is based. The theory of plaintiff, as alleged, is that defendant did the things, charged to have been done by him, under the *assumed* name of P. A. Follett. But it is manifest that defendant did not assume her name; and it is also manifest that he did not execute the deed. The deed was in fact signed and acknowledged by P. A. Follett in her own proper name.

Plaintiff has laid hold of some well recognized propositions of law, and sought to apply them to a state of facts which they do not fit. It is true if one signs and delivers a contract in the name of a fictitious person, or a real person whom he assumes to be, he will be held liable on such contract; and such are the cases cited by plaintiff. [13 Cyc. 554, 555; 19 Abb. N. C. 123 (9 N. Y. St. Rep. 695); Northwestern Distilling Co. v. Brant, 69 Ill. 658.]

Or if one directs another to sign his name to a contract, he may be held as though he signed it himself. As where one went up to a table at a public meeting and directed a party who had a subscription paper, to write his name down for $150. [Pierce v. Dekle, 61 Fla. 390, a case cited by plaintiff.] But that is not what is alleged in the petition. Defendant did not direct Follett to sign his name. She signed her own name and made the covenants in the deed for herself.

In truth the petition, as an entire pleading, merely charges that the defendant owned the land in Kansas, the title to which he had taken in P. A. Follett's name, and that he traded it for land in Missouri, taking the title in that name; directing her to execute the deed for the one and to receive the deed for the other, in her own name. Under such state of facts the judgment is affirmed. All concur.