434 F.2d 264
 ABRAHAM LINCOLN INSURANCE COMPANY, an Illinois Insurance
Corporation, Appellee,
v.
FRANKLIN SAVINGS AND LOAN ASSOCIATION, a Missouri Federal
Savings and Loan Association, and Pulaski Savings
and Loan Association, Successor to
Franklin Savings and Loan
Association, Appellants.
 No. 19962.
 United States Court of Appeals, Eighth Circuit.
 Dec. 10, 1970, Rehearing Denied Jan. 8, 1971.
 
 Richard Wolff, St. Louis, Mo., for appellants.
 John C. Vogel, St. Louis, Mo., for appellee.
 Before VOGEL, Senior Circuit Judge, and MEHAFFY and LAY, Circuit judges.
 LAY, Circuit Judge.
 
 
 1
 This is an appeal from a judgment in favor of the Abraham Lincoln Insurance Company against the defendant Franklin Savings and Loan Association. An action was commenced for collection upon two investment certificates owned by the insurance company that had been issued by the Franklin Savings and Loan Association. The facts are more fully set forth in the district court's opinion, reported at 302 F.Supp. 54 (E.D.Mo.1969). We affirm.
 
 
 2
 On March 14, 1966, the defendant issued certificates Nos. 581 and 582, in the sum of $10,000 and $5,000, respectively, to the Dearborn National Investment Company. The purchase of the certificates was made by a Mr. Robert Holmes, a loan broker. On the above date, Holmes issued a personal check in the sum of $15,000. The check was postdated to March 15. On this date Dearborn Investment Co. assigned these two certificates to the Midwest Life Insurance Company. On March 18, new certificates Nos. 583 and 584 (the subject of this suit) were issued by the defendant to Midwest in exchange for certificates Nos. 581 and 582. On March 21, Midwest deposited the new certificates with the Illinois Department of Insurance as part of its reserve requirement. By April 8, Holmes' check was returned by the bank for insufficient funds and closed account. On the same date the defendant notified the Illinois Department of Insurance that the certificates would not be honored. By letter of April 9, defendant notified Midwest that the certificates would be cancelled for failure of consideration. Thereafter, on May 5, Midwest was ordered liquidated and the plaintiff, Abraham Lincoln Insurance Company, purchased all of Midwest's assets by judicial sale. The plaintiff then demanded payment from the building and loan association on the certificates. The defendant refused payment, alleging that the plaintiff insurance company took the certificates with full knowledge of the defects and the prior cancellation for failure of consideration. The plaintiff then filed the present action.
 
 
 3
 The district court found that the plaintiff was entitled to recover the amount of investment certificates 583 and 584, plus dividends and interest. On appeal the defendant argues that the district court erred in ruling: (1) that the investment certificates were negotiable instruments; (2) that plaintiff acquired its rights through judicial sale; (3) that plaintiff acquired the certificates free of the defense of failure of consideration; (4) that plaintiff's prior knowledge of the asserted defense did not preclude its recovery on the certificates; and (5) that plaintiff complied with the law respecting transfer of accounts.
 
 
 4
 We think these matters are properly decided by the district court. Discussion on appeal will therefore be limited to the basic issue of the plaintiff's right to collect on these certificates. Contrary to the defendant's contention, we think it clear that the district court did not base its decision on a determination that the investment certificates were negotiable instruments. It is not necessary to reach the questions of whether the certificates in question are negotiable or whether they passed by negotiation or assignment. Here the defendant originally transferred the certificates 581 and 582 to Dearborn Investment Co. with all the indicia of absolute, rather than conditional, ownership. As between these parties the defense of failure of consideration would be applicable. However, it is undisputed that on March 15, 1966, Midwest Life Insurance Co. took the certificates from Dearborn as a bona fide purchaser for value and without notice. At the time of the transaction, Midwest had no notice or knowledge of any defects in the certificates or any asserted defenses thereto. It is clear that after property has passed into the hands of a bona fide purchaser, subsequent purchasers, even those with notice of asserted defenses, take clear of the defense. The reason is to protect the bona fide purchaser so that he can sell what he has purchased. Hatcher v. Hall, 292 S.W.2d 619 (Mo.App.1956); Hellweg v. Bush, 228 Mo.App. 876, 74 S.W.2d 89, 92 (1934); 77 C.J.S. Sales 296d (1952). This is true even though the plaintiff may have purchased its rights under the certificates by assignment. Schrader v. Westport Ave. Bank, 236 Mo.App. 362, 156 S.W.2d 753 (1941) (nonnegotiable debenture); Universal Credit Co. v. Enyart, 231 Mo.App. 299, 98 S.W.2d 120 (1936) (nonnegotiable note); 6 C.J.S. Assignments 117 (1937).
 
 
 5
 Although the defendant was not aware of the apparent failure of consideration at the time it reissued certificates Nos. 583 and 584, Missouri law is settled that as between two relatively innocent parties the responsibility for loss must fall on the one who put the wrongdoer in a position to cause the loss. J. R. Watkins Co. v. Lankford, 363 Mo. 1046, 256 S.W.2d 788 (1953); Pierpont v. Prudential Ins. Co. of America, 350 Mo. 629, 167 S.W.2d 64 (1943). Here it was the defendant who took a postdated personal check in a large amount without investigating as to its sufficiency and thereby permitted the apparent failure of consideration to arise. As between such a party and a bona fide purchaser, or one who takes from a bona fide purchaser, the former must clearly bear the loss, if any.[1]
 
 
 6
 Judgment affirmed.
 
 
 
 [1]
 The district court found that defendant may have received 'total consideration' for its certificates. The record is undisputed that $7,100 was received by Franklin Building & Loan Association on April 28, 1966, from an attorney as partial payment for certificates Nos. 581 and 582. Exhibit 19 is defendant's Liability Account on investment certificates 583 and 584. It shows that amounts of $7,100 (cash) and the remaining balance of $7,900, carried as an account receivable, were credited on the books of the defendant, resulting in a $15,000 balance in the Liability Account