**STATE of Missouri, Respondent,**

v.

**Leon CURRY, alias Leon Boatner, Appellant.**

**No. 56402.**

Supreme Court of Missouri, Division No. 1.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

J. William Newbold, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for appellant.

HOUSER, Commissioner.

Charged under the Second Offender Act and convicted by a jury of operating a motor vehicle without the owner's consent, § 560.175, subd. 1., V.A.M.S., Leon Curry was sentenced to five years' imprisonment.

On this appeal his sole point is that the court erred in allowing Johnny Hobbs to give parol testimony that he was the owner of the automobile in question, over objection that the certificate of title is the best evidence of ownership and absent a showing that the certificate was unavailable.

This question is foreclosed by the previous decisions of this Court, State v. Wahlers, Mo., 56 S.W.2d 26; State v. Haney, Mo.Sup., 284 S.W.2d 417; State v. Wilson, Mo.Sup., 286 S.W.2d 756; State v. Townsend, Mo.Sup., 327 S.W.2d 886, and State v. Tate, Mo.Sup., 436 S.W.2d 716, which we reaffirm. Under these ruling decisions the ownership of an automobile charged to have been operated without the owner's consent may be proved by sufficient competent parol evidence and it is not necessary to introduce the certificate of title in evidence in order to prove ownership under § 560.175, subd. 1.

The best evidence rule is not applicable in this situation. That rule, which applies exclusively to documentary evidence, 32A C.J.S. Evidence § 782, excludes secondary or parol evidence of the contents of a writing where the contents of a writing are in issue, unless the failure to produce the document is accounted for and excused. The best evidence rule has no application where, as here, the contents of the writing are not in issue and parol testimony is not offered to establish the terms of the writing but to establish a fact which exists independently of the writing. " * * * [I]n many instances the fact to be proved exists independently of any writing; * * * it incidentally happens that there is evidence of such fact contained in

a writing, as well as other evidence of such fact which exists completely independent of any writing. In such situation, both the written document and oral testimony constitute primary evidence of the independent fact. In such situation, either documentary or parol evidence may be used to prove the independent fact and the best evidence rule is not applicable. 32A C.J.S. Evidence § 786, p. 107; 20 Am.Jur. Evidence, Section 405, p. 366; 1 Jones on Evidence (5th ed.) Section 235, p. 455." Aviation Enterprises, Inc. v. Cline, Mo. App., 395 S.W.2d 306, 308. To make a case under § 560.175, subd. 1., RSMo 1969, V.A.M.S. it is necessary to prove that the owner of the motor vehicle in question is someone other than the defendant. While ownership in another must be proved it is not necessary to establish the contents of the certificate of title in order to make that proof. The title certificate itself is not "the sine qua non" of ownership but is merely rebuttable prima facie evidence of ownership of a motor vehicle. Manchester Ins. & Ind. Co. v. State Farm Mut. Auto. I. Co., Mo.App., 460 S.W.2d 305, 308. The fact of Johnny Hobbs' ownership of the automobile is not dependent upon the existence of an official certificate of title; it may be evidenced in other ways. Any competent evidence may be introduced to establish the fact of ownership of personal property. 73 C.J.S. Property § 18; Fairbanks, Morse & Co. v. Coulson Stock Food Co., 151 Mo.App. 260, 131 S.W. 894, 895[8]. Oral testimony that a witness is the owner of an automobile is competent, primary evidence of the fact of ownership. In testifying that he owned the automobile Johnny Hobbs was offering primary, not secondary, evidence of an independent fact and the parol evidence rule is not applicable. United States v. Vanover, 7 Cir., 339 F.2d 987, 991[4].

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.