705 F.2d 311
 LOEWEN-AMERICA, INC., a Delaware Corporation, Appellee,
v.
ADVANCE DISTRIBUTING CO., INC., a Corporation,
v.
LINDELL TRUST COMPANY, a Corporation, Garnishee, Appellee.
Charles L. Kagels, an Individual, Intervenor, Appellant.
LOEWEN-AMERICA, INC., a Delaware Corporation, Appellant,
v.
ADVANCE DISTRIBUTING CO., INC., a Corporation,
v.
LINDELL TRUST COMPANY, a Corporation, Garnishee, Appellee.
Charles L. Kagels, an Individual, Intervenor.
 Nos. 82-1891, 82-1927.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1983.
Decided April 20, 1983.
 
 Coburn, Croft & Putzell, Walter O. Theiss, St. Louis, Mo., for Loewen-America, Inc.
 Walter F. Timm, Lashly, Caruthers, Baer & Hamel, P.C., St. Louis, Mo., for appellee Lindell Trust Co.
 Grove Sweet, St. Louis, Mo., for intervenor-appellant.
 Before ARNOLD, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a final order of the district court[1] in execution and garnishment proceedings arising out of a final judgment in favor of Loewen-America, Inc. and against Advance Distributing Co., Inc. The district court awarded Loewen-America the proceeds of a bank account held in the name of Advance Distributing Company, and found that the Lindell Trust Company held a prior lien on an Advance Distributing Company pickup truck, preventing Loewen-America from levying on the truck by execution.
 
 
 2
 Two different claims are made on appeal from this order. First, Kagels, the sole stockholder of Advance Distributing Co., Inc., claims that the garnished bank account was the property of his separate and distinct sole proprietorship, Advance Distributing Company, and was not subject to garnishment in satisfaction of a judgment against Advance Distributing Co., Inc. Second, Loewen-America claims that Lindell Trust Company's lien on the pickup truck is invalid because the underlying security agreement was not executed by the title owner of the truck, Advance Distributing Company. We reject both of these claims and affirm the district court's order in its entirety.
 
 I. Background
 
 3
 On January 3, 1980, Loewen-America obtained a $38,844 judgment against Advance Distributing Co., Inc. for payment on a sales contract for coin-operated amusement machines. The sale was evidenced by eight invoices reflecting sales to: "Advance Distributing Company, Attn: Mr. Charles Kagels, 2820 North Grand Boulevard, St. Louis, Missouri 63107." The district court's judgment came after Loewen-America had made numerous unsuccessful attempts to depose and serve interrogatories upon Charles Kagels, who was the sole stockholder and principal officer of Advance Distributing Co., Inc. The district court applied sanctions against Advance Distributing Co., Inc. for failure to comply with federal rules of discovery, by striking defendants' affirmative defenses and counterclaims, and later granted summary judgment to the plaintiff.
 
 
 4
 On January 16, 1981, the district court issued a post-judgment writ of execution under which the marshall attached a 1981 Ford pickup truck from Advance Distributing Co., Inc.'s business premises. Title to the truck was in the name of Advance Distributing Company. On February 4, 1981, a garnishment summons was served on Lindell Trust Company. Lindell Trust acknowledged possession of a checking account in the name of Advance Distributing Company with a balance of $20,905.41. Lindell stated this account was individually owned by "Charles Kagels: d/b/a Advance Distributing Company."
 
 
 5
 Thereafter, Kagels filed a motion to intervene and to quash garnishment of the bank account, claiming, for the first time, that he was operating a sole proprietorship under the name Advance Distributing Company. Kagels claimed that the bank account was the property of his sole proprietorship. Lindell Trust also filed a motion to quash levy of execution on the truck, asserting its prior perfected lien on the truck. The lien was created as security for two collateral notes executed by Charles Kagels.
 
 
 6
 Judge Nangle assigned the matter to Magistrate William S. Bahn for hearing pursuant to 28 U.S.C. Sec. 636(b)(3) (1976). At the hearing, Kagels stated that he was both the sole stockholder of the corporation Advance Distributing Co., Inc., formerly named Avalon Distributing Company, Inc., and the sole proprietor of a separate business operating under the name of Advance Distributing Company. Kagels stated that his sole proprietorship operated the coin-operated machines while the corporation purchased and distributed the machines. He further testified that he filed separate income tax returns for the corporation and the sole proprietorship. Kagels used a single office for both his sole proprietorship and the corporation.
 
 
 7
 At the hearing, Loewen-America introduced a document Kagels filed with the Missouri Secretary of State, showing that on December 23, 1968, Kagels registered the name Advance Distributing Company as the fictitious name under which Avalon Distributing Company, Inc. was doing business. On April 17, 1969, Kagels filed a "Certification of Amendment of the Articles of Incorporation of Avalon Distributing Company" with the Secretary of State. The certificate showed that the name Avalon Distributing Company, Inc. was changed to Advance Distributing Co., Inc.
 
 
 8
 Based on the foregoing, the district court, relying on Magistrate Bahn's recommendation, found that after April 17, 1969, Advance Distributing Co., Inc. did business as Advance Distributing Company, the same name Kagels had used to operate his sole proprietorship. The district court concluded that this "would certainly be likely to cause a reasonable person to conclude that 'Advance Distributing Company' and 'Advance Distributing Company, Inc.' were one and the same entity." The district court further noted that Kagels had failed to register "Advance Distributing Company" as the fictitious name for his sole proprietorship and had accepted sales invoices from Loewen-America addressed to "Advance Distributing Company." The court, therefore, ordered the bank account be paid over to Loewen-America. The court also quashed the levy of attachment on the Ford pickup truck because Lindell Trust had a superior perfected lien on the truck and Loewen-America had failed to establish the present market value of the truck exceeded the value of Lindell's lien.
 
 II. Kagels' Claim: The Bank Account
 
 9
 Kagels argues that Loewen-America cannot satisfy its judgment by reaching property owned by entities other than the judgment debtor, Advance Distributing Co., Inc., regardless of the similarity of names. Kagels asserts that the garnished bank account was the property of his sole proprietorship, Advance Distributing Company, which was a legally distinct and separate entity from his wholly owned corporation, Advance Distributing Co., Inc.
 
 
 10
 While Kagels had every legal right to maintain a separate business entity for distributing and operating the coin-operated machines, his continued use of the same name for his proprietorship and his wholly owned corporation was certain to cause Loewen-America to conclude that the two were the same entity. Furthermore, Kagels made no effort to dispel Loewen-America's reasonable belief that Kagels' proprietorship and the corporation were one and the same; he failed to register Advance Distributing Company as the name of his sole proprietorship and he accepted sales invoices Loewen-America addressed to "Advance Distributing Company."
 
 
 11
 Because Kagels held himself out and dealt with Loewen-America as a corporation by using a name that he had registered to his wholly owned corporation, Kagels is now estopped from claiming that he was also using the corporation's name in an individual, sole proprietorship capacity. See Fairbanks-Morse Co. v. Coulson Stock Food Co., 151 Mo.App. 260, 131 S.W. 894, 895 (1910); Pacific, Intermountain Exp. Co. v. Best Truckline Inc., 518 S.W.2d 469, 474 (Mo.App.1974). Accordingly, the assets which Kagels holds in the name of Advance Distributing Company are available to answer for the obligations of the corporation. Cf., Radley v. Meek, 178 Mo.App. 238, 165 S.W. 1192, 1193 (Mo.App.1914). Specifically, the Lindell Trust bank account, which is in the name of Advance Distributing Company, is an asset of the corporation and is subject to garnishment in satisfaction of the judgment against the corporation. See 19 C.J.S. Corporations, Sec. 1355, p. 1070 (1940). See also Willis v. Sheperd, 241 Mo.App. 102, 231 S.W.2d 843, 847 (Mo.App.1950).
 
 
 12
 We add that garnishment of the bank account is an entirely equitable result. Kagels had full notice of all prior proceedings in this litigation and was the one responsible for misleading Loewen-America as to the true corporate identity of Advance Distributing Co., Inc. See Abraham Lincoln Insurance Co. v. Franklin Savings and Loan Association, 434 F.2d 264-65 (8th Cir.1970), Martin v. Signal Dodge, Inc., 444 S.W.2d 29, 31 (Mo.App.1969). Even assuming no fraud is involved here, Loewen-America should not be inconvenienced or prejudiced by Kagels' use of the corporation's name in such a misleading manner. Cf., Schwartz v. Shelby Construction Co., 338 S.W.2d 781, 794 (Mo.1960).
 
 III. Loewen-America's Claim: The Truck
 
 13
 Loewen-America claims the lien Lindell Trust holds on the pickup truck is invalid because the underlying security agreement was executed by Charles and Sophie Kagels who are not the title owners of the truck. Loewen-America contends that a chattel mortgagor must have legal title for his mortgage to be a lien on the described property. Here, title to the truck was in the name of Advance Distributing Company.
 
 
 14
 We reject this argument and conclude that Lindell's lien was properly perfected under Mo.Ann.Stat. Sec. 301.600.2 (Vernon 1969), which provides:
 
 
 15
 A lien or encumbrance on a motor vehicle or trailer is perfected by the delivery to the director of revenue of the existing certificate of ownership, if any, an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement, and the required certificate of ownership fee. It is perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within thirty days thereafter, otherwise as of the time of the delivery. (Emphasis added.)
 
 
 16
 This provision, enacted in 1965, controls the method of perfecting liens and encumbrances on motor vehicles in Missouri. See Zuke v. Mercantile Trust Company National Assoc., 385 F.2d 775, 777 (8th Cir.1977); Ford Motor Credit Co. v. Pedersen, 575 S.W.2d 916, 918-19 (Mo.App.1978). Lindell Trust has fully complied with this provision. The certificate of title to the truck shows Advance Distributing Company as the owner and shows that the vehicle is subject to a first lien created on October 30, 1980 in favor of Lindell Trust Company. Furthermore, as the trial court found and Kagels does not dispute, Charles Kagels was doing business under the name of Advance Distributing Company and the lien described on the certificate of title was created as security for the notes executed by Charles Kagels.
 
 
 17
 We therefore conclude that the district court correctly determined Lindell Trust held a perfected first lien on the pickup truck, giving it priority over the subsequent attachment issued by the court in favor of Loewen-America. See Pedersen, 575 S.W.2d at 919. Therefore, having failed to show the market value of the truck exceeds the value of Lindell's lien, Loewen-America's levy and attachment of the truck must be quashed.
 
 
 18
 Judgment affirmed.
 
 
 
 [1]
 The Honorable John Nangle, United States District Judge, Eastern District of Missouri