The **UNITED STATES** of America,
Plaintiff-Appellee,

v.

Herbert **ACKERMAN**, Defendant-
Appellant.

No. 16226.

United States Court of Appeals
Seventh Circuit.

Feb. 23, 1968.

Michael Guinan, David J. Griffin, Chi-cago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John M. Connery, Jr., Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel.

Before DUFFY, Senior Circuit Judge, and CASTLE and FAIRCHILD, Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendant was found guilty by a jury of violating Title 18 U.S.C. § 2314. The offense charged was that defendant, with

unlawful and fraudulent intent, caused to be transported in interstate commerce (from Chicago, Illinois to Columbus, Ohio), a certain falsely made and forged security, to-wit: a check of $214.20 drawn on the Ohio National Bank, Columbus, Ohio, payable to United Airlines and signed as its drawer, Thomas N. Pearson.

The record shows defendant admitted to FBI Agent Giannetti that he used certain techniques to cash checks. One such technique was to buy airline tickets with a bad check, and subsequently return the tickets to the airline and obtain from the airline its check in return for the tickets.

It is undisputed that defendant Ackerman executed the check in question by signing the name "Thomas N. Pearson";[1] that Pearson's name was typed under his signature together with Pearson's former address, 1117 Galena, Aurora.

■ Defendant's first claim is that the security was not a falsely made and forged security within the meaning of 18 U.S.C. § 2314. Defendant argues the security (Government Exhibit 9–A) was a genuine instrument inasmuch as the account upon which it was drawn was actually in existence under the name of Thomas N. Pearson.

In our view, defendant falsely made and forged Government Exhibit 9–A when he signed it "Thomas N. Pearson" and when he typed Pearson's name under the signature together with Pearson's former address, 1117 Galena, Aurora, Illinois.

The writing of the Pearson name on the check by defendant was false. It purported to be what it was not. The signature on the check together with the typed-in name and address made it an efficient means of fraud.

Defendant argues that no intent to defraud was shown. We disagree. Defendant opened the account at the Ohio bank in the name of Pearson. He used Pearson's lost Illinois driver's license as a means of identification. Defendant purported to be someone he was not. He then made a deposit of $50, but proceeded promptly to issue against that account, eleven checks ranging from $109.84 to $142.44. All such conduct was steeped in fraud.

■ In Hubsch v. United States, 256 F.2d 820, 824 (5 Cir., 1958) the Court stated: " * * * [W]here a person not only takes an assumed name but uses that name to designate a fictional person with characteristics, personality and a semblance of identity, the use of the fictitious name as an instrument of fraud in the impersonation of the fictional person is as much a forgery as though the fictional character was real." We agree!

We hold the security (Government Exhibit 9–A) was a falsely made and forged security within the meaning of Title 18 U.S.C. § 2314. In accord are such cases as Edge v. United States, 270 F.2d 837 (5 Cir., 1959); Cunningham v. United States, 272 F.2d 791 (4 Cir., 1959), and Hall v. United States, 372 F.2d 603 (8 Cir., 1967), cert. den. (1967), 387 U.S. 923, 87 S.Ct. 2040, 18 L.Ed.2d 979.

■ Defendant next argues that the evidence failed to prove the security was transported in interstate commerce with an unlawful and fraudulent intent. We already have stated that unlawful and fraudulent intent was shown. Furthermore, it was not necessary to prove that defendant actually transported the security in interstate commerce. Here, he knew the bank account upon which the check was drawn was in another state. He therefore caused the security to travel in interstate commerce. See Amer v. United States, 367 F.2d 803, 804 (8 Cir., 1966).

■ Defendant complains that the trial judge was unfair to defendant in his remarks to the jury. In explaining the requirements of the statute, the Court stated: " * * * [T]hat it wasn't a good check, it was a bum check so to speak." No objection was made on this

---

1. Thomas N. Pearson testified that he had previously lost his wallet containing an Illinois Driver's License.

point at the trial. We hold the statement did not constitute reversible error.

■ Through inadvertence, Government Exhibit 9–A, the security described in the indictment, was not introduced into evidence. The defendant argues that reversible error was committed since Government Exhibit 9–A was allowed to be taken into the jury room without having been received in evidence. The exhibit had been identified by three witnesses. Furthermore, Government Exhibit 9–B which was a photograph of Government Exhibit 9–A, was introduced in evidence. No objection was made at the trial on this point. The error was harmless. See C. McCormick, Evidence, Sec. 184 at page 394 (1954). We hold this inadvertence did not constitute reversible error.

Affirmed.