**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Forrest Edwin McCUTCHEON,
Defendant-Appellant.**

**No. 18862.**

United States Court of Appeals,
Seventh Circuit.

June 14, 1971.

Larry L. Busick, Osterman & Busick, Fort Wayne, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee; Clarence E. Price, Regional Counsel, Bobby S. Tyler, Atty., Internal Revenue Service, Cincinnati, Ohio, of counsel.

Before HASTINGS, Senior Circuit Judge, and KERNER and PELL, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Forrest Edwin McCutcheon was charged in a two-count indictment with violations of Title 26, U.S.C.A. §§ 5861(c) and 5861(d),[1] respectively, of

1. These sections provide that "It shall be unlawful for any person—
 "(c) to receive or possess a firearm made in violation of the provisions of this chapter; or

 "(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;  *  *  *."

the Gun Control Act of 1968, amending the National Firearms Act.

Count I charges possession of a firearm on or about October 23, 1969, described as "a weapon made from a 12 gauge single barrel Nitro Marvel shotgun, with a barrell length of 7 1/16 inches and an overall length of less than 26 inches, serial number 17741, which had been made in violation of Chapter 53, Title 26, United States Code, in that none of the requirements of Section 5822, Title 26, United States Code regarding the making of such firearm had been complied with," in violation of Section 5861(c), *supra*.

Count II charges possession of the same firearm, on the same date, "which had not been registered to him in the National Firearms Registration and Transfer Record maintained under Section 5841, Title 26, United States Code," in violation of Section 5861(d), *supra*.

Section 5822, *supra*, requires one who makes a firearm to file with the Secretary of the Treasury or his delegate a written application to *make* and register the firearm and pay any applicable tax thereon. Section 5841, *supra*, requires the registration of such firearm by the *maker* thereof in the form and manner therein set out. The sawed-off shotgun which defendant was charged possessing in each count is a firearm defined by Section 5845 of the 1968 Act.

Following a second trial by jury,[2] a verdict of guilty was returned against defendant on each count as charged. Thereafter, a judgment of guilty was entered thereon and defendant was sentenced to serve three years on each of the two counts, such sentences to run concurrently with each other and to run consecutively and in addition to any state court-imposed sentence defendant was then serving. Defendant was represented at trial and on this appeal by court-appointed counsel, pursuant to the Criminal Justice Act of 1964. Defendant appeals from his judgment of conviction and sentence. We affirm.

Sections 5861(c) and (d), *supra*, are a part of Title II of the Gun Control Act of 1968, which became effective November 1, 1968, as Chapter 53 of Title 26, U.S.C.A. On this appeal, defendant raises three federal constitutional issues, each of which he claims is an absolute defense to his prosecution for violation of Sections 5861(c) and (d), *supra*, viz: (1) infringement of his Fifth Amendment privilege against compulsory self-incrimination; (2) infringement of his Fourth Amendment right against unreasonable search and seizure; and (3) infringement of his Second Amendment right to keep and bear arms.

I

Relying upon Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed. 2d 923 (1968), defendant contends that Sections 5861(c) and (d), *supra*, are invalid under the Self-Incrimination Clause of the Fifth Amendment. However, after the briefs were filed by the parties in this appeal, but before we heard oral argument on April 26, 1971, the Supreme Court decided this question adversely to defendant in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (April 5, 1971). In *Freed,* the Court explicitly held that the revised statutory scheme of the 1968 amendments to the National Firearms Act eliminated the defects revealed in *Haynes* and no longer violates the Self-Incrimination Clause of the Fifth Amendment. The Court further held in *Freed* that scienter is not a required element in the charge and its absence in this essentially regulatory statute in the interest of public safety does not violate due process requirements. See, United States v. Gardner, 7 Cir., 448 F.2d 617 (1971); United States v. Lauchli, 7 Cir., 444 F.2d 1037 (1971); United States v. Black, 6 Cir., 431 F.2d 524 (1970).

II

Defendant makes the argument that his right to be free from unreasonable search and seizure as granted by the

---

2. The jury in the first trial was unable to agree and was discharged by the district court.

Fourth Amendment to the Federal Constitution has been violated by the requirements of Sections 5861(c) and (d). He contends this is so because he is thereby "required to register the possession of any firearm as defined by other sections of the National Firearms Act either made by him, transferred to him, received by him or possessed by him," thereby compelling him to disclose possible violations of the registration Act itself. Recognizing that this is not an "unreasonable search and seizure in its purest sense," he contends that it becomes a violation of his Fourth Amendment privilege when measured against his Fifth Amendment privilege against compulsory self-incrimination.

Without considering whether in other situations concerned with other statutes there may be a proper recognition of such interplay between the two amendments,[3] we do not find such consideration to be relevant here.

In considering the constitutionality of Sections 5861 (c) and (d), *supra,* the Supreme Court has laid the Fifth Amendment challenge to rest in *Freed, supra.* It appears obvious to us that the Fourth Amendment issue thereby falls with it. As the Court in *Freed* points out:

> " * * * Under the present Act [citing § 26 U.S.C. §§ 5812(a), 5812(b) and § 5841(b)] only possessors who lawfully make, manufacture, or import firearms can and must register them; *the transferee does not and cannot register.* It is, however, unlawful for any person 'to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.' [Citing 26 U.S.C. § 5861(d).]

"At the time of *Haynes,* as already noted, there was a provision for sharing the registration and transfer information with other law enforcement officials. *Id.,* at 97–100 [88 S.Ct. at 730–732]. The revised statute explicitly states that no information or evidence provided in compliance with the registration or transfer provisions of the Act can be used, directly or indirectly, as evidence against the registrant or applicant 'in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.' [Citing 26 U.S.C. § 5848]." Id. 401 U.S. 601, 91 S.Ct. 1112, 28 L. Ed.2d 356.

■ It becomes apparent, therefore, that even if defendant had been required to register the sawed-off shotgun to himself or to furnish any information, the restrictive provision of Section 5848, noted by the Supreme Court, would have been invoked. It necessarily follows, under *Freed,* that since the present act in no way compelled defendant to furnish any information after he acquired possession of the sawed-off shotgun in question, there could not have been any infringement against his Fourth Amendment right to be free from unreasonable search and seizure.

### III

■ Finally, defendant contends that the requirements of Title 26, U.S.C.A. §§ 5822 and 5841, *supra,* infringe his Second Amendment right to keep and bear arms.[4]

We do not feel required to cite the legislative history of analogous legislation and cases deciding kindred ques-

---

3. Davis v. United States, 328 U.S. 582, 587, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); United States v. Onassis, D.C.S.D.N.Y., 133 F.Supp. 327, 329 fn. 1, 332–333 (1955). *Cf.,* Erwin v. Cranquist, 9 Cir.,

253 F.2d 26, 27 (1958), cert. denied, 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067.

4. The Second Amendment to the Federal Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

tions relating thereto, or the century and a half of federal legislation providing for an organized militia, now the National Guard. We deem it sufficient to rely upon the landmark decision of United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 376 (1939), and its progeny. *Miller* was concerned with an alleged violation of the National Firearms Act by one indicted for transporting in interstate commerce for 12 gauge sawed-off shotgun without having registered it or paid the tax required by the Act. The Court first held that the Act was not unconstitutional as an invasion of police powers reserved to the States. In rejecting a holding by the lower court that the Act was violative of the Second Amendment, the Court said at page 178, 59 S.Ct. at page 818:

"In the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less that eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument. Certainly it is not within judicial notice that this weapon is any part of the ordinary military equipment or that its use could contribute to the common defense. Aymette v. State, 2 Humphreys (Tenn.) 154, 158."

There then followed a consideration of the constitutional and legislative history of the Second Amendment and the Act. The Court concluded that there was no material support for the challenged ruling of the court below.

In like manner, we find no merit in the Second Amendment issue raised in the case at bar.

In sum, we hold that the district court did not err in denying the defendant's motion to dismiss the indictment on the three constitutional grounds raised.

The judgment of conviction and sentence is affirmed.

Affirmed.