**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Edward SHAFER, Defendant-Appellant.**

**No. 18793.**

United States Court of Appeals, Seventh Circuit.

July 12, 1971.

Rehearing Denied Aug. 20, 1971.

Thomas F. Londrigan, C. Joseph Cavanagh, Springfield, Ill., David C. Godfrey, Clayton, Mo., for appellant.

Donald B. Mackay, U. S. Atty., J., William Roberts, Asst. U. S. Atty., Frank J. Violanti, U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before KNOCH, Senior Circuit Judge, and CUMMINGS, and PELL, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant was charged in an 11-count indictment with various violations of the Gun Control Act of 1968 (82 Stat. 1213), amending the National Firearms Act. Count IX of the indictment was dismissed at the request of the Government. A jury found defendant guilty on the ten remaining counts, and he was

sentenced to a total of ten years' imprisonment.[1]

The first two counts alleged that defendant sold a Gradoga pistol to Larry Radford, knowing that he was a convicted felon and did not reside in Illinois, thus violating 18 U.S.C. Sections 922(d) and 922(b) (3).

Counts III and VI charged that on two different occasions defendant sold ten grenades without keeping the records required by 18 U.S.C. Section 922(b) 5).

The remaining counts charged that defendant transferred certain grenades without filing the required application with the Secretary of the Treasury, in violation of 26 U.S.C. Section 5861(e), and that he possessed unregistered grenades in violation of 26 U.S.C. Section 5861(d).

I

■ The principal thrust of this appeal was that the provisions of the Gun Control Act of 1968 involved in all counts of the indictment, except Counts I and II, unconstitutionally required defendant to incriminate himself. However prior to the oral argument of the appeal, United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 was decided and held that this statute does not violate the self-incrimination clause of the Fifth Amendment. See also United States v. McCutcheon, 446 F.2d 133 (7th Cir.1971); United States v. Lauchli, 444 F.2d 1037 (7th Cir.1971). Under these authorities we must reject defendant's contentions with respect to statutory unconstitutionality.[2]

II

Defendant complains that the Government wrongfully disposed of certain evidence before trial, depriving him of his right to view the evidence against him. The initial destruction was on February 5, 1969, before the original indictment of September 25, 1969. The other destruction was on October 27, 1969, before the superseding indictment of November 12, 1969. On these respective occasions the Government destroyed the fuses and the greater portion of powder obtained from defendant in December 1968 and April 1969. The second destruction occurred after the court had granted the defendant's motion to inspect the evidence relating to the prior indictment, but apparently the Treasury agents were unaware of that order. The Government urges that each pre-indictment destruction was necessary in order to protect public buildings.

It is indeed unfortunate that government agents destroyed tangible evidence material to a pending criminal prosecution. This Court sees no reason why the Government did not find safe storage facilities for preservation of such evidence. It is all the more deplorable that the agents accomplished their mission apparently without previously notifying either the prosecutor or the district court of their impending action. Such a lack of communication is without justification. Cf. United States v. Perlman, 430 F.2d 22 (7th Cir. 1970), certiorari denied, 400 U.S. 832, 91 S.Ct. 64, 27 L. Ed.2d 63.

■ Nevertheless, we do not believe the destruction of the fuses and powder calls for reversal of this conviction.

---

1. Five-year concurrent sentences were imposed on Counts I, II, III and VI, and ten-year concurrent sentences were imposed on Counts IV, V, VII, VIII, X, and XI. The sentences on Counts I, II, III, and VI were to run concurrently with the sentences on Counts IV, V, VII, VIII, X, and XI, resulting in a total sentence of ten years.

2. Defendant seemingly also argues that the possession of unregistered firearms counts (V, VIII, and XI) do not state offenses separate from the transfer counts. Being unwilling to depart from Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, we have recently rejected similar arguments. United States v. Lauchli, 444 F.2d 1037 (7th Cir. 1971); Lauchli v. United States, No. 17997 (unreported order of June 3, 1970) (7th Cir.).

There was no hint of bad faith or deliberate suppression of evidence which might reasonably have exculpatory value to defendant. Moreover, the live fuses and cans of powder were photographed. The residue of the detonated fuses, samples from each container of powder, and the photographs were all made available to defense counsel. Defendant has pointed to no concrete area of prejudice due to the disposition of these articles. We cannot infer such prejudice from this record. Cf. United States v. Augenblick, 393 U.S. 348, 356, 89 S.Ct. 528, 21 L.Ed.2d 537.

### III

Defendant next submits that four items not received into evidence were given to the jury for use in its deliberations, thus calling for reversal and remand with respect to Counts I through VIII.

■ Two of these items, concerning Counts III through VIII, were large photographs showing commingled fuses obtained from defendant. Our study of the transcript, however, shows that they had been admitted into evidence subject to cross-examination by defense counsel. We find no error in the submission of these exhibits to the jury during its deliberations. See Rice v. United States, 411 F.2d 485 (8th Cir.1969); McCormick on Evidence, §§ 181, 184 (1954).

■ The remaining items referred to by defendant were a Gradoga pistol and its black container, relating to Counts I and II. The record reveals that the pistol, marked as Government exhibit 1, was identified by both its purchaser, Radford, and the FBI agent who took custody of the weapon. A proper foundation for admission of the gun into evidence was laid, and the witnesses were subjected to cross-examination concerning its purchase. Inadvertently however, the Government failed to make a

formal introduction of the exhibit, and the record is confused as to whether the judge and counsel in fact understood the pistol as having been offered and received into evidence. Defendant now contends that the Government's proof under Counts I and II must fail without the weapon, and that the delivery of the weapon and container to the jury under these circumstances constituted reversible error. We disagree.

Proof of the unlawful sale of the firearm to Radford was sufficiently established through the testimony of the various government witnesses, including the purchaser himself. Cf. United States v. Liles, 432 F.2d 18, 19–20 (9th Cir.1970). Nor in this case did reversible error arise from the submission of the exhibit and container to the jury. In United States v. Ackerman, 393 F.2d 121, 123 (7th Cir.1968), this Court affirmed a conviction for interstate transportation of a forged security where the instrument itself inadvertently was not introduced into evidence but was nevertheless sent into the jury room during deliberations. As in *Ackerman*, the exhibit in the instant case was identified by witnesses who were then cross-examined concerning the weapon. Moreover, defendant has pointed to no true prejudice arising from the erroneous delivery of the pistol and container to the jury. We therefore hold the error harmless.[3] Cf. Sawyer v. United States, 112 U.S.App. D.C. 381, 303 F.2d 392, 395 (1962), certiorari denied, 371 U.S. 879, 83 S.Ct. 150, 9 L.Ed.2d 116; United States v. Yoppolo, 435 F.2d 625, 627 (6th Cir. 1970); United States v. Warner, 428 F. 2d 730, 737 (8th Cir.1970), certiorari denied, 400 U.S. 930, 91 S.Ct. 194, 27 L. Ed.2d 191.

### IV

■ As to Counts I and II, defendant asserts that the Government did not prove Radford had been convicted of a

---

3. At oral argument, defense counsel conceded that if it was permissible to exhibit the pistol to the jury, there would be no error in permitting it to view the container.

crime punishable by a term exceeding one year and that he was a nonresident of Illinois, on the ground that documentary proof was not adduced to this effect. However, Radford's testimony was clear that he had given defendant this information, and the jury was entitled to credit his testimony without the necessity of considering corroborative documentary proof. Cf. Kenner v. Commissioner of Internal Revenue, 445 F.2d 19 (7th Cir.1971).

## V

All counts except the first two involve grenades. Defendant argues that since the grenades in question were disassembled, they were not "firearms" as defined in the statute.

 Section 5845(a) (8) of Title 26 defines a "firearm" as "a destructive device." In turn, Section 5845(f) defines a "destructive device" as any "grenade" and "any combination of parts either designed or intended for use in converting a device into a destructive device * * * and from which a destructive device may be readily assembled." We agree with the Government that the grenade shells, fuses, and powder here may be considered such a firearm, even though disassembled. See United States v. Lauchli, 371 F.2d 303, 312–313 (7th Cir.1966). The statute does not specify that the parts must be assembled before it applies. To place such a construction upon the language of the Act would contradict the flexibility expressly created by Section 5845(f) and would foster easy evasion to thwart the Congressional intent. We hold that in context with the phrase "and from which a destructive device may be readily assembled," the phrase "combination of parts" is not limited to a pre-existing union of parts but includes an association of the components of a destructive device. Furthermore, the jury was entitled to believe an Army ordinance officer's testimony that the grenade shells, fuses, and powder sold by defendant to the Treasury agents were, when assembled, capable of being used for destructive purposes. Each of the fuse assemblies purchased from defendant exploded when detonated under his supervision, and all the powder (except the unignited samples) purchased from defendant burned when ignited. Because of the possibility of damage, the district court was entitled to refuse the live demonstration proffered by defense counsel.

## VI

██ Lastly, defendant criticizes certain instructions that were given by the trial judge. In particular, defendant objects to the reference that under certain counts of the indictment the Government must prove that defendant knowingly sold or possessed "at least one (1) grenade," whereas the indictment counts dealing with December 1968 refer to ten grenades and the counts dealing with April 1969 refer to nine grenades. The district court overruled this objection on the ground that the Gun Control Act of 1968 would be violated if defendant possessed or transferred a single destructive device. Since this was a correct statement of this element of the crime, the instructions given were proper.

With respect to the remaining criticisms of other instructions, defendant did not present any such objections to the district court, as required by Rule 30 of the Federal Rules of Criminal Procedure. It is now too late to assign such error.

The judgment of conviction is affirmed.