UNITED STATES of America,
Plaintiff,

v.

John Frank PUNTILLO, Defendant.

No. 71–CR–55.

United States District Court,
E. D. Wisconsin.

Sept. 17, 1971.

David J. Cannon, U. S. Atty., by Joseph Stadtmueller, Milwaukee, Wis., for plaintiff.

Bradley Steinberg, Chicago, Ill., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action, the defendant is charged in a two-count indictment. In the first count, he is accused of knowingly possessing certain firearms after having previously been convicted of a felony, in violation of 18 U.S.C. App. 1202(a); in the second count, he is charged with the possession of a machine gun not registered to him, in violation of 26 U.S.C. §§ 5861(d) and 5871.

The defendant has petitioned the court for an order which would permit him to inspect and copy certain items in the custody of the government. A briefing schedule was established by the court in connection with this motion, but no brief or other communication has ever been received from the defendant in support of this motion. The court assumes that the defendant has either inspected and copied the requested items or no longer has a need to do so. Accordingly, the motion for discovery and inspection will not be granted.

The defendant has also moved to dismiss count I of the indictment as being

fatally defective in that it fails to allege that the possession of the firearms was "in commerce or affecting commerce" as required by 18 U.S.C. App. 1202(a). As pertinent here, § 1202(a) provides:

"(a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *

* * * * * *

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

Relying primarily upon Stephens v. United States, 440 F.2d 144 (6th Cir. 1971), and United States v. Synnes, 438 F.2d 764 (8th Cir. 1971), the government contends that the words "in commerce or affecting commerce" modify only the verb "transports", and therefore, no such allegation is needed.

I am unable to accept the government's construction of the statute. Such construction is not only grammatically doubtful, but it would necessitate the interpretation that intrastate transportation of firearms by convicted felons is not punishable while intrastate receipt or possession is punishable. Moreover, it is difficult to see how there could be transportation, whether intrastate or interstate, without an accompanying receipt and possession. The government's contention, then, is either illogical or requires that the words "in commerce or affecting commerce" be deemed to be surplusage. See United States v. Bass, 434 F.2d 1296, 1298 (2d Cir. 1970), cert. granted 401 U.S. 993, 91 S.Ct. 1234, 28 L.Ed.2d 530 (1971).

■ Secondly, it is well settled that Congress may enact penal laws pursuant to its authority to regulate commerce among the several states. Hoke v. United States, 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523 (1913). However, it does not follow that Congress may employ the commerce clause to proscribe certain conduct on the bald assertion that such conduct "constitutes a burden on commerce or threat affecting the free flow of commerce". There must be a rational connection between the fact proved and the legislative presumption. Leary v. United States, 395 U.S. 6, 33, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1968); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).

■ The government's construction of the statute would require a finding that mere receipt or possession of a firearm by a convicted felon poses an interference with commerce, a construction not supported by the legislative history of the Act. See Appendix A. Stephens v. United States, supra, 440 F.2d at 152. In order to sustain prosecution under the Act, I believe that the indictment must contain an allegation that the prohibited possession was "in commerce or affecting commerce". Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970); Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944); Tot v. United States, supra; Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968). The motion to dismiss count I will be granted.

■ Further, the defendant has moved for the dismissal of count II of the indictment which charges him with the possession of a machine gun not registered to him as required by 26 U.S.C. Chapter 53. He contends that compliance with the registration provisions would have required him to give self-incriminating information which might come to the attention of Wisconsin officials and thus subject him to a possible prosecution for a violation of the laws of Wisconsin.

A similar contention was recently rejected by the United States Supreme Court in United States v. Freed, 401 U. S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). In that case, the Court stated at page 604, 91 S.Ct. at page 1115:

"* * * The revised statute explicitly states that no information or evi-

**112**

dence provided in compliance with the registration or transfer provisions of the Act can be used, directly or indirectly, as evidence against the registrant or applicant 'in a criminal proceeding with respect to a violation of law *occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.'* The scope of the privilege extends, of course, to the hazards of prosecution under state law for the same or similar offenses. See Malloy v. Hogan, 378 U.S. 1 [84 S.Ct. 1489, 12 L.Ed.2d 653]; Marchetti v. United States, 390 U.S. 39, 54 [88 S.Ct. 697, 705, 19 L.Ed.2d 889]."

See also United States v. Shafer, 445 F. 2d 579 (7th Cir.); United States v. McCutcheon, 446 F.2d 133 (7th Cir.); United States v. Lauchli, 444 F.2d 1037 (7th Cir.).

Now, therefore, it is ordered that the defendant's motion to dismiss count I of the indictment be and hereby is granted. It is further ordered that all other motions be and hereby are denied.