**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John G. SEAY, Defendant-Appellant.**

**No. 75-1124.**

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1975.

Decided June 30, 1975.

Rehearing Denied July 25, 1975.

**17.** It is urged that this case on remand be handled expeditiously so as to enable a speedy release to Mid-Jersey of the money due it.

which check defendant deposited in an account established by him in Arco's name at Southern Illinois National Bank, East St. Louis, although the check was not in payment for any services, supplies or equipment rendered or to be rendered by the defendant or Arco; and that from on or about July 3, 1972, the defendant, with unlawful and fraudulent intent, did cause to be transported in interstate commerce from Missouri to Illinois, a falsely made security, namely a check drawn on Arco's account at Southern Illinois National Bank in the amount of $1,883, payable to the defendant and deposited in his account at the Gateway National Bank in St. Louis, Missouri, which check was signed by him in the fictitious name of Gerald Thomas, all in violation of 18 U.S.C. § 2314.

Upon waiver of trial by jury, the district court denied defendant's motion to dismiss the indictment and for a judgment of acquittal, and adjudged the defendant guilty as charged. *United States v. Seay,* 386 F.Supp. 550 (E.D.Ill. 1974).

Upon appeal, we affirm and adopt as our own the district court's opinion, supplemented with the following additional authority:

(1) *United States v. Ackerman,* 393 F.2d 121 (7th cir. 1968), wherein we quoted with approval the following from *Hubsch v. United States,* 256 F.2d 820, 824 (5th Cir. 1958):

> [W]here a person not only takes an assumed name but uses that name to designate a fictional person with characteristics, personality and a semblance of identity, the use of the fictitious name as an instrument of fraud in the impersonation of the fictional person is as much a forgery as though the fictional character was real.

*Ackerman, supra* at 122.

(2) Annotation, What Constitutes A "Falsely Made, Forged, Altered, or Counterfeited" Security Within Meaning of 18 U.S.C. § 2314, Making Transporta-

Edward G. Maag, Glenn A. Altman, Belleville, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Jack A. Strellis, Asst. U. S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before PELL and SPRECHER, *Circuit Judges,* and EAST, *Senior District Judge.**

PER CURIAM.

An indictment charged that the defendant, John G. Seay, while employed at State Community College, East St. Louis, Illinois, received a $1,743 check dated June 27, 1972, drawn by State Community College and payable to Arco Book Distributors, an entity having a fictitious business name and address,

* Senior District Judge William G. East of the District of Oregon is sitting by designation.

tion of Such Securities a Criminal Offense, 4 A.L.R.Fed. 793 (1970).

 (3) *United States v. Tucker,* 473 F.2d 1290, 1294 (6th Cir.), *cert. denied,* 412 U.S. 942, 93 S.Ct. 2785, 37 L.Ed.2d 402 (1973) ("Our holding [affirming the conviction] appears to be in accord with the statutory purpose of making guilt or innocence turn upon whether the actor wrongfully intended to place into commerce a falsely made document instead of focusing upon the precise method by which its lack of authenticity was effected.")

Judgment of conviction is affirmed.