**Charles RICE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19363.**

United States Court of Appeals
Eighth Circuit.

June 11, 1969.

Earle B. Leadlove, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S., Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., on the brief.

Before GIBSON, LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendant, Charles Rice, was convicted of violating § 659, Title 18, United States Code,[1] for stealing two suitcases from the Greyhound Lines, Incorporated, on January 9, 1968, while the suitcases were moving in interstate commerce. He was sentenced to one year in prison.

The defendant asks this Court to set aside his conviction on the grounds that the government failed to prove by competent evidence: (1) that the suitcases were moving in interstate commerce, see, Hall v. United States, 182 F.2d 833, 834 (8th Cir. 1950), and (2) that the suitcases had, in fact, been stolen. See, United States v. Padilla, 374 F.2d 782, 784 (2d Cir. 1967); D'Argento v. United States, 353 F.2d 327 (9th Cir. 1965), cert. denied, 384 U.S. 963, 86 S.Ct. 1591, 16 L. Ed.2d 675 (1966). He also claims a general insufficiency in the evidence.

█ We have reviewed the record carefully in the light of established standards,[2] and conclude that there was sufficient competent evidence in the record from which the jury could have concluded that the essential elements of the crime were established and that the defendant was guilty of violating § 659 with respect to at least one of the suitcases.[3]

Competent testimony established: that the defendant removed the suitcase from a baggage cart in the St. Louis Greyhound Terminal on January 9, 1968, without presenting a claim check; that the defendant tore a baggage strap tag off the suitcase and dropped it on the floor; and that the defendant was then arrested by a police officer who had observed the defendant entering the terminal taking the suitcase and walking toward the door with the suitcase in hand.

██ The government did not introduce the suitcase removed from the baggage cart in evidence or call its owner as a witness. It, nevertheless, competently established the identity of the suitcase taken by the defendant through Exhibit 1, a photo of the suitcase taken at the police station on the evening of the theft. The defendant's objection that the photo was not the best evidence was properly overruled by the trial court. The best evidence rule is applicable only to documentary evidence. United States v. Alexander, 326 F.2d 736, 739 (4th Cir. 1964); Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, 812 (1948), cert. denied, 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076 (1949); 4 Wigmore, Evidence § 1181 (3rd ed. 1940).

---

1. Section 659, Title 18, United States Code, reads in part:
   "Whoever * * *, steals, or unlawfully takes, carries away, * * * with intent to convert to his own use any baggage which shall have come into the possession of any common carrier for transportation in interstate or foreign commerce * * *."

2. We view the evidence in the light most favorable to the government and accept as established all reasonable inferences that tend to support the jury's verdict. Cave v. United States, 390 F.2d 58 (8th Cir.), cert. denied, 392 U.S. 906, 88 S.Ct. 2059, 20 L.Ed.2d 1365 (1968); Coon v. United States, 360 F.2d 550 (8th Cir.), cert. denied, 385 U.S. 873, 87 S.Ct. 145, 17 L. Ed.2d 100 (1966).

3. The defendant was charged in a single count with the theft of two suitcases. To sustain the conviction, it was only necessary that the government prove the essential elements by competent evidence with respect to one of the two suitcases. See, Frazier v. United States, 82 U.S. App.D.C. 332, 163 F.2d 817 (1947), aff'd 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187 (1948).

The government competently established that the suitcase was moving in interstate commerce from Los Angeles, California, to Evansville, Indiana, through testimony of Dewey Owens, the manager of the Greyhound Terminal in St. Louis, Missouri, and through Exhibits 2—a baggage strap tag, 2-A—a matching claim check showing that the suitcase was being transported by Greyhound from Los Angeles to Evansville.[4] Each exhibit was identified by Owens. The government also established that the defendant was not entitled to possession of and had stolen the suitcase through the same exhibits and testimony.[5]

Owens testified that the luggage of each Greyhound passenger is checked before he boards a bus. A separate baggage tag is prepared for each bag. One portion of a numbered tag is attached to the bag and another portion of the tag—a claim check—with a matching number is given to the passenger. The claim check includes a statement that "this check must be surrendered in order to obtain baggage."[6] Owens testified that this requirement was uniformly followed in St. Louis. The baggage strap tag and the claim check show the point of origin and destination of the bag. The tag indicated that the suitcase, to which the strap had been attached, had been checked at Los Angeles and was destined for Evansville. On cross-examination,

Owens testified that he solicited the return of Exhibit 2-A, the claim check, from the terminal manager at Evansville. No other record of the transaction is made by Greyhound.

The exhibits constituted hearsay as they were offered to prove the truth of their contents, but a proper foundation was laid for their admission under the business record exception to the hearsay rule. See, Palmer v. Hoffman, 318 U.S. 109, 112, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Standard Oil Company of California v. Moore, 251 F.2d 188 (9th Cir.), cert. denied, 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958). This is an exception sanctioned by statute.

Section 1732(a), Title 28, United States Code, provides in part:

"(a) In any court of the United States * * *, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any * * *, transaction, * * * shall be admissible as evidence of such * * *, transaction, * * *, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such * * *, transaction, * * * within a reasonable time thereafter.

4. Section 659, Title 18, United States Code, provides in part:
"To establish the interstate or foreign commerce character of any shipment in any prosecution under this section the waybill or other shipping document of such shipment shall be prima facie evidence of the place from which and to which such shipment was made. * * *"

5. The government also introduced Exhibit 3, an inventory report, which was prepared under Mr. Owens' supervision upon the return of the suitcase by law enforcement authorities to Greyhound's control. The report listed a description of the suitcase, the origin and destination of the suitcase, the contents of the suitcase (women's cosmetics and clothing) and that there was no identification found in the suitcase. The origin and destination of the suitcase were determined from

the baggage strap tag. The defendant did not challenge the admission of this exhibit on appeal and we consider it merely cumulative evidence.

6. Section C, Rule 8(m), National Baggage Tariff No. A–500–E, issued November 1, 1966, effective December 15, 1966, provides:
"Baggage may be delivered to a passenger at the Point of Origin, or at any point intermediate to the destination shown on the Baggage Check, upon the request of the passenger, and the surrender of the Claim Check to a Baggage Agent or other authorized employee of the Carrier, provided that payment of any charges due has been made, and that the Baggage and the passenger are at the same place at the time the request is made."

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

The baggage strap tag and the claim check were writings, they were made as a memorandum of a transaction in the regular course of business, and it was in the regular course of Greyhound's business to make them. See, Doss v. United States, 355 F.2d 663 (8th Cir. 1966).

The defendant's contention that Exhibits 2 and 2-A should not have been admitted into evidence because Owens, who identified them, neither prepared them nor had them prepared under his supervision is without merit. Owens, as manager of the St. Louis Terminal, was thoroughly familiar with Greyhound's baggage procedure, and was responsible for baggage in the terminal. His testimony amply demonstrated that the strap tag and claim check were prepared pursuant to the established procedures on a form specifically devised for the purpose and used routinely by the company. Under such circumstances, it is unnecessary to require a Greyhound employee at the point of origin to testify with respect to the baggage documents. United States v. Olivo, 278 F.2d 415 (3rd Cir. 1960).

In *Olivo*, the defendant was convicted of possession of an air compressor stolen from the Spector Freight System, Inc., while it was moving in interstate commerce from Peoria, Illinois, to South River, New Jersey. The government sought to prove the interstate nature of the shipment by introducing a waybill, prepared by Spector employees at Peoria, through the manager of the Spector terminal at Newark, New Jersey. The Court held the waybill was properly admitted and stated:

"Specifically, appellant's objection is grounded upon the fact that the witness who testified concerning the waybill and its preparation did not actually prepare it himself nor did he directly supervise its preparation. Rather, Mr. Dillman, Spector's Newark terminal manager, testified to the company procedures concerning preparation of waybills in general and indicated that they were prepared at the point of origin within the Spector transportation system. Where Newark was the point of origin they were prepared under his supervision, but since this shipment had originated with another carrier it was waybilled by Spector when delivered to it at Peoria, Illinois. Extensive testimony was taken from Dillman concerning the preparation, use and billing procedures connected with Spector waybills. We are asked to hold that this waybill is inadmissible under the Business Records Act since no official or employee of the Spector system at Peoria testified regarding these matters. We are not prepared to place such stringent restrictions on this Act, for it was intended to eliminate the technical requirement of proving the authenticity of records and memoranda by the testimony of the maker. The Supreme Court has said that the Federal Business Records Act 'should of course be liberally interpreted so as to do away with the anachronistic rules which gave rise to its need and at which it was aimed.' Palmer v. Hoffman, 1943, 318 U.S. 109, 115, 63 S.Ct. 477, 481, 87 L.Ed. 645. The witness testified to a well-established business procedure not only in the trade, but specifically in the very company which had prepared the document. All the hallmarks of authenticity surround this document, since it was made pursuant to established company procedures for the systematic, routine, timely making and preserving of company records. As the Court of Appeals so aptly stated in Korte v. New York, N. H. & Hartford R. R. Co., 2 Cir., 191 F.2d 86, 91, certiorari denied 1951, 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652, the statute was intended 'to bring the realities of business and professional

practice into the courtroom in usable form,' and the statute should not be interpreted in a 'dryly technical' way which would 'reduce sharply its obvious usefulness.' "

*Id.* at 417.

■ The jury could reasonably conclude from the evidence that the defendant stole the suitcase. The suitcase had been checked from Los Angeles to Evansville. The claim check was given to the customer in Los Angeles. The claim check was forwarded to Mr. Owens by the Evansville Greyhound agent. The jury could reasonably infer that the customer retained custody of the claim check, traveled from Los Angeles to Evansville, attempted to claim the suitcase in Evansville, and handed over the claim check to the Evansville agent. These reasonable inferences from the facts negate the defendant's apparent contention that there was no evidence showing that the defendant was not entitled or authorized to take possession of the suitcase in St. Louis. From the inference that the customer retained the claim check and sought to claim the suitcase in Evansville, the jury could reason that the customer had not authorized the defendant to obtain possession of the suitcase from Greyhound.

■ The trial court erred in permitting Owens to testify that he had received an oral report "that two suitcases had been stolen and the thief apprehended." This was pure hearsay and the defendant's objection should have been sustained.

■ We have carefully considered this error and the record as a whole to determine whether it was prejudicial and conclude it was not because of the strength of the evidence of guilt. Thomas v. United States, 281 F.2d 132 (8th Cir.), cert. denied, 364 U.S. 904, 81 S.Ct. 239, 5 L.Ed.2d 196 (1960).

Affirmed.