STATE of Missouri, Respondent,

v.

Bryant D. FRITH, Appellant.

No. KCD 27317.

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

Willard B. Bunch, Public Defender, Douglas N. Merritt, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

A jury in the Jackson County Circuit Court found Bryant D. Frith guilty of burglary and larceny in connection therewith. The jury failed to agree upon the punishment and the trial court assessed two years; imprisonment on each count, to run concurrently (§ 560.110, RSMo 1969, V.A.M.S.). Judgment was entered accordingly.

At around 12:30 P.M., November 4, 1973, Dolores McConnell and her three children left the house they occupied at 4337 Cleveland in Kansas City. The door was locked. When they returned to the residence "just before it got dark," they discovered that the house had been ransacked. A window in the kitchen had been broken. A portable television set and a 20-gauge shotgun were missing.

The police were called. A police department evidence technician processed the house for fingerprints. He "lifted" two sets of prints from a camera and another from a vase in the house. The camera which was kept in a buffet drawer was found on the dining room table.

The prints were turned over to a police department evidence technician. He found that two of the prints taken from the camera corresponded with fingerprints of Bryant Frith in the department files.

Frith was arrested November 14, 1973. Following his arrest, he was interrogated by an officer. After brief questioning and when confronted with the fingerprint evidence, Frith admitted entering the McConnell house and taking the gun and television set. He admitted handling the camera but decided not to take it. His statement was reduced to writing and introduced in evidence at his trial.

At a pretrial hearing on the voluntariness of the statement, Frith testified that he was under the influence of "speed" at the time of his arrest and interrogation. He repeated this testimony at his trial. He testified that he had visited the McConnell

home several times, the last time about a month before the burglary. He denied entering the house and stealing the gun and television set.

On this appeal, the claims of error relate to the fingerprint evidence and the introduction of the statement made to the police officer.

The evidence technician, Patrolman Harrison, testified to his examination of the premises for fingerprints. He explained that he examined objects which might have been touched, looking for "latent" prints. The objects examined are dusted with graphite and a powder solution and brushed lightly with a nylon brush. When a print appears, a clear "fingerprint" tape is placed over it, "lifting the print which is stuck to the tape." The tape is placed on a fingerprint card and the print is compared with fingerprint records in the police file.

The officer testified that he made three cards from prints "lifted" at the McConnell residence on November 4, 1973. When he was asked to identify the cards which had been marked as State's Exhibits 4, 5 and 6, defense counsel objected that the cards were not the best evidence. He asserted that the camera from which two of the cards had been made was the best evidence of the fingerprints. The objection was overruled. The ruling of the trial court is assigned as error.

Reliance here by appellant, as in the trial court, is on the best evidence rule, appellant asserting that "the jury has the right to know the nature of the surface from which the print was allegedly taken and to view the smudges, imperfections, overprints, and other physical evidence concerning the basis for the expert testimony." He also points out that the camera was easily portable and not required for the health or welfare of the victim.

None of the authorities relied upon by appellant involved the situation here presented. *Padgett v. Brezner*, 359 S.W.2d 416 (Mo.App.1962); *Findley v. John-*

*son*, 142 S.W.2d 61, 67[10, 11] (Mo.1949), and *Charles v. Charles*, 313 Mo. 256, 281 S.W. 417, 419[5] (1926), all involved the traditional best evidence problem of proof of contents of a written instrument by means other than the production of the instrument itself. The best evidence rule is in fact limited to documentary evidence. *State v. Curry*, 473 S.W.2d 747, 748[2–6] (Mo.1971); *Rice v. United States*, 411 F.2d 485, 486[2, 3] (8th Cir. 1969); IV Wigmore on Evidence, § 1181, p. 419 (Chadbourn Revision 1972). Therefore, the trial court did not err in overruling the objection, based upon that rule. The state's evidence showed the method by which the fingerprint tapes had been prepared. The expert testified to the comparison of the fingerprint impressions so produced with those in the files. There was no necessity that the camera have been produced before such testimony was admissible. *Rice v. United States, supra.*

Appellant's second assignment of error relates to the introduction into evidence of the statement to the police officer. Officer Wiersma who took the statement was asked to identify what was apparently a carbon copy, signed by appellant, of the original typewritten copy of the statement. Defense counsel objected to the use of the carbon copy on the grounds that the officer had testified at the pretrial hearing on the voluntariness of the statement that he had signed the original as a witness. Arrangements were made for production of the original and counsel withdrew his objection, subject to such production. The officer then read the statement to the jury. A short time later the original copy was produced. It did not bear the officer's signature as a witness. At that time, defense counsel asked for a mistrial because the witness had "falsified a statement on a material issue." The request was denied. Counsel then objected to testimony about the statement because it was placed in evidence conditionally upon production of the original, signed by the witness, and asked the court to strike all evidence about the statement. The objection was overruled

and the request denied. The officer was cross-examined about his earlier testimony that he signed the statement as a witness and acknowledged that if he did so his testimony was obviously in error.

On this appeal, appellant contends that the court erred in admitting the statement in evidence because when the original was produced "it in fact did not conform to the sworn testimony of the man who claimed to have originated such document."

■ The objection raised by appellant did not affect the admissibility into evidence of the statement. There is no requirement that the statement have been witnessed in order to permit its introduction into evidence. The officer obviously was in error when he testified, indirectly, at the pretrial hearing to his having signed the original as a witness. At the most, such error would go to the credibility of the witness and would not render the statement inadmissible. The refusal of the trial court to strike the officer's testimony or to grant a mistrial was not error.

Judgment affirmed.

All concur.