STATE of Missouri, Respondent,

v.

John W. BROWN, Appellant.

No. KCD 28323.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

John W. Brown was convicted of rape and sodomy and on appeal to this court his conviction was affirmed. *State v. Brown,* 525 S.W.2d 565 (Mo.App.1975). However, the sentence was vacated and the cause was remanded for the limited purpose of resentencing by the court in an exercise of discretion on whether to impose consecutive or concurrent sentences on the two counts on which Brown was convicted.

On remand the court entered sentences of fifteen years on each count, with the sentences to run consecutively. Brown has filed this appeal following the imposition of such sentences.

On this appeal Brown raises the single point that it was error to force him to be tried on two counts of the information in the same proceeding because Rule 24.04 is unconstitutional. Affirmed.

On his previous appeal to this court, Brown contended that Rule 24.04 " 'deprives him of his right to have each of the charges against him litigated at a separate trial.' " 525 S.W.2d 568[3].

■ Likewise, on this appeal Brown complains that it is unconstitutional to force him to be tried on two counts in the same proceeding. In the previous case this court ruled against Brown on the contention that he was tried on two counts in the same proceeding on the basis of *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975). This appeal involves the same case as the previous appeal; the opinion on that appeal constitutes the law of the case, and all of the elements of res judicata are present. *Jackson v. Hartford Accident and Indemnity Company,* 484 S.W.2d 315, 321[1, 2] (Mo. 1972).

■ The doctrine of res judicata is applicable to criminal cases. *State v. Humphrey,* 357 Mo. 824, 210 S.W.2d 1002[1, 2] (1948).

Since Brown's sole point on this appeal is barred by the doctrine of res judicata, it cannot be further noticed. In any event, his claim is fully answered and concluded against him by the holding in *State v. Baker, supra.*

The judgment is affirmed.

All concur.