James X. MOORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 28294.

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an appeal from an order denying appellant's motion under Rule 27.26, Missouri Rules of Criminal Procedure, wherein he sought to set aside a judgment and sentence of 7 years, entered on his guilty plea to a charge of Robbery First Degree. The appellant and two others were separately charged by indictments with the armed robbery of the Sunshine Market at 39th and Woodland on October 12, 1974.

On January 14, 1975, the appellant appeared before the Honorable Alvin C. Randall in the Circuit Court of Jackson County, Missouri and entered his plea of guilty. An extensive hearing was conducted, at which appellant was represented by able counsel; his plea was accepted, and a pre-sentence investigation ordered; and, on March 3, 1975, the appellant was sentenced to a term of 7 years in the custody of the Missouri Department of Corrections.

On June 12, 1975, the appellant filed his *pro se* Motion to Vacate Sentence and Withdraw Guilty Plea, and the matter was reassigned to the Honorable Paul E. Vardeman of the Jackson County Circuit Court for disposition. That court, without further evidentiary hearing or appearance of appellant, did on September 12, 1975, overrule said motion, and this appeal followed. The court below filed a memorandum opinion, findings of fact and conclusions of law, in which it was found that no evidentiary hearing was required because the records, files and transcript of the hearing in the guilty plea proceedings were sufficient to dispose of the appellant's motion to vacate under Rule 27.26. It was further found that the transcript demonstrated full compliance with the requirements of Rule 25.04, concerning necessary procedures upon pleas of guilty.

Some preliminary facts appearing in the record on this appeal deserve mention. On this appeal, the appellant is represented by the office of the Public Defender for the Sixteenth Judicial Circuit, through the able services of Mr. Lee M. Nation, Assistant Public Defender. The appellant filed his *pro se* brief herein on November 3, 1975, together with his request for a "summary judgment". The brief was accepted for filing, but the motion for summary judgment was denied. On April 2, 1976, Mr. Nation filed an appellant's brief and on April 9, 1976, he asked leave to withdraw as counsel for appellant because of irreconcilable conflicts existing between him and the appellant, in great part due to the fact that appellant had instituted an action for both actual and punitive damages in the amount of $15,000.00 against Mr. Nation in the United States District Court, Western District of Missouri, based upon alleged violation of his civil rights.

On April 13, 1976, appellant filed his *pro se* notice of intention to abandon the two assignments of error or points relied on contained in the brief filed by his counsel. On April 16, 1976, this court denied the request of counsel to withdraw and overruled appellant's motion to abandon points on appeal.

Thereafter, the appellant's *pro se* motions to amend his *pro se* brief and to advance case upon this court's docket were sustained. The case was orally argued and submitted on September 22, 1976, the appellant's argument being presented by Mr. Nation. It should be noted that Mr. Nation throughout these proceedings has conducted

himself with commendable patience, great ability, and in the best traditions of the bar.

The grounds stated in appellant's motion for relief under Rule 27.26 may be summarized as follows:

1) He was placed under the "impression" by his trial attorney, Mr. Bruce Simon, that in exchange for his plea of guilty, he "would be" promised that he would be placed on "pre-sentence investigation status"; permitted to make a personal recognizance bond; and, receive a five-year sentence with recommendation for probation (he was in fact given a pre-sentence investigation and permitted to make personal bond); 2) that he depended upon the advice of his trial counsel, and after consultation with his family, accepted the "deal"; 3) that during the pre-sentence investigation period, he was subpoenaed by the defense in the case of State v. Brown, Mo.App., 543 S.W.2d 799 (a companion case) and was told by his trial attorney to respond to the subpoena and testify, but later before he took the witness stand, his attorney told him "with the advice of the prosecuting attorney" that if he helped Brown, the "deal was off". He did testify and told the truth; 4) that after he was sentenced to 7 years, his attorney told him Judge Randall would reduce the sentence to 5 years after another alleged codefendant was tried, convicted and sentenced; and, 5) that his guilty plea was the result of misleading and unkept promises of the prosecuting attorney and appellant's trial counsel.

Under the above-related circumstances, this court has carefully considered all briefs filed pro se and by counsel on behalf of the appellant. The points therein raised may be summarized as charges of error on the part of the court below in denying the motion to withdraw the guilty plea and vacate judgment and sentence without an evidentiary hearing and in the absence of appellant, and failing to appoint counsel for him in connection with that procedure.

Rarely has a more detailed and careful transcript of a guilty plea proceeding been filed in this court. At that proceeding held on January 14, 1975, the appellant was represented by counsel and in response to interrogation by both court and counsel, he testified under oath as follows: He fully understood that he was entitled to a trial by jury as to his guilt or innocence and to be represented at such trial by counsel whether or not he could afford to pay him, and his counsel was present and ready and willing to try the case; that at such a trial the state had the burden of proving his guilt beyond a reasonable doubt; that he would have the right to confront and to examine and cross-examine all witnesses; that he would have the right to testify or not to testify in his own defense and to offer whatever additional evidence he might desire, and compel the attendance of witnesses by court process; that a jury would acquit him unless it found him guilty beyond a reasonable doubt; that if found guilty, he would have the right to appeal; and, that by entering a plea of guilty, he was waiving all of these rights, including the right against self-incrimination.

He was satisfied with the representation which had been given to him by counsel and had no complaints in that regard.

He understood that the penalty range for Robbery First Degree was five years to life imprisonment; that the assessment of the penalty, if his guilty plea was accepted, was solely within the discretion of the court to determine the sentence; and, that the court was not bound by recommendations by defense or state counsel as to the sentence or any which the State Board of Probation or Parole might make in its pre-sentence report.

He had been educated through the 9th grade; he could read, write and understand the English language, and had no communication difficulties; he was under no influence from drugs, narcotics or medication, was under no psychiatric treatment nor had he ever been; and, he was in good physical and mental health.

He had discussed the matter of his guilty plea with his counsel and his family.

He admitted that on October 12, 1974, he had committed an armed robbery against Max Levine (Sunshine Market), had taken

some money, and was apprehended or caught about twenty minutes later.

He stated that no one had made any promises to him in connection with his plea, and that he understood there would be a pre-sentence investigation before sentencing. He was pleading guilty solely because he was in fact guilty of the offense.

On cross-examination by the assistant prosecutor, it was elicited that two other persons were involved with the appellant in the robbery of the Sunshine Market. The court brought out from the prosecutor that no "deal" had been made with the appellant that he would testify in the other cases. The court thereupon advised appellant that he was not required to disclose the identity of the other men involved and appellant declined to make such disclosure.

The court further extracted from the appellant the fact that he had a prior conviction and had served time. He further testified that he understood such prior conviction would show up in his pre-sentence investigation and would militate against consideration of probation for the present offense. Yet, nevertheless, appellant stated that he wanted the pre-sentence investigation conducted.

The record further discloses that under questioning of appellant by the court and colloquy between the court and counsel for the defense and the state, that no arrangement had been made for the appellant to testify for the state in the companion cases. Appellant testified that he never had any "intention of testifying either for the State or for the defendant". Thereupon, the court stated:

> "Well, I'm telling you now that since we are delaying sentence, I am telling you now whether you do or don't testify or how you testify will have nothing to do with the sentence in this case."

The court then made the finding that the evidence established beyond a reasonable doubt that defendant understood his rights and knowingly and intelligently waived them; that his plea was voluntary; that he was guilty of the crime charged; and his guilty plea was accepted.[1]

It is to be noted that of the five points raised in the appellant's Rule 27.26 motion, only the first two relate to events preceding the guilty plea and those distill to a single relevant point, which is that appellant alleges he was given the impression that in return for his guilty plea, he would receive a sentence of 5 years with recommendation for probation, and he agreed to this. The records of the court below, of this court, and the transcript of the hearing on his guilty plea, completely refute this allegation.

In the posture of this record, the court below was under no duty to hold an evidentiary hearing, nor was there any necessity for the appointment of counsel. *Colbert v. State,* 486 S.W.2d 219 (Mo.1972); *Colbert v. State,* 496 S.W.2d 12 (Mo.banc 1973); *Loflin v. State,* 492 S.W.2d 770 (Mo.banc 1973); *Smith v. State,* 513 S.W.2d 407 (Mo.banc 1974); *Hogshooter v. State,* 514 S.W.2d 109 (Mo.App.1974); *Weaver v. State,* 520 S.W.2d 640 (Mo.App.1975); *Winston v. State,* 533 S.W.2d 709 (Mo.App.1976).

The authorities relied upon by appellant in his *pro se* and his counsel's brief have been closely scrutinized and are not controlling under the facts in this case.

The judgment is affirmed.

All concur.

1. On January 15, 1975, the case of *State v. Irvin M. Brown,* charged as a participant in the Sunshine Market robbery, came to trial and the appellant was called as a defense witness. He testified that Brown did not participate in the robbery; that the driver of the car was one Green, since deceased, but refused to divulge the name of the third participant. His testimony was thereupon stricken. Brown was convicted and sentenced to ten years.

In February, 1975, Bates, another participant in the Sunshine Market robbery, was brought to trial, convicted and sentenced to ten years. Appellant did not testify in the Bates trial.