**STATE of Missouri, Plaintiff-Respondent,**

v.

**Wesley P. WILLIAMS, Defendant-Appellant.**

No. WD–35759.

Missouri Court of Appeals, Western District.

Oct. 23, 1984.

L.E. Atherton, Public Defender, Milan, for defendant-appellant.

John E. Casey, County Pros. Atty., Brookfield, for plaintiff-respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

Defendant was convicted in a jury trial of driving while intoxicated, Section 577.-010, RSMo Supp.1983, and resisting arrest, Section 575.150, RSMo 1978. He received sentences of six months and one year of confinement, respectively, for these offenses. Defendant represented himself at the trial, and on appeal argues two points. First, the case should be reversed because he did not sign a written waiver of attorney, and second, the trial court should have declared a mistrial when the prosecution announced that it had a tape recording of defendant's statements, which had been

made at the police station and had not been disclosed during discovery.

Judgment affirmed.

An officer found defendant slumped over the steering wheel of his vehicle with the motor running. When the officer asked the defendant to get out of the car, the defendant raised up, looked at the officer and then fled in his vehicle. He was subsequently arrested after a high-speed chase. The police administered a breathalyzer test and obtained a reading of .11. Several officers testified that both at the scene and at the station defendant appeared to be intoxicated.

Defendant was charged with driving while intoxicated and resisting arrest. He appeared without counsel at the pretrial conference. He filled out a "request for counsel" form, but indicated on the form that he did not want to have an attorney appointed to represent him and that he could afford to retain his own counsel. The court warned him repeatedly that he needed an attorney. Defendant stated that he planned to "seek an attorney" and implied that he already had retained one. He explained that he would be willing to "resolve" the situation by going to the public defender, but did not feel he was indigent. He stated repeatedly that he desired to represent himself. He adamantly refused, however, to sign a waiver of counsel. The court made a thorough attempt to comply verbally with the requirements of Section 600.051, RSMo 1978, concerning the information that courts must give to defendants who wish to waive counsel.

The prosecutor urged the court to force defendant to either sign a written waiver of counsel or state under oath that he would not make the failure to obtain a waiver an issue on appeal. The court considered holding defendant in contempt for his refusal to sign the form, but ultimately decided to permit him to proceed without counsel.

Defendant appeared again without counsel on the date set for trial and stated his willingness to proceed pro se. He was tried before the jury and convicted. The

jury assessed punishment of six months in the county jail for driving while intoxicated and one year for resisting arrest.

Section 600.051 allows a judge to permit waiver of counsel in a criminal case "if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right ... and the waiver is signed before and witnessed by the judge." Defendant for his first point on appeal claims that the trial court should have appointed counsel for him because he refused to sign a written waiver.

■ Section 600.051 applies to an express waiver of counsel. It does not apply when the defendant says he wants an attorney but refuses to obtain one. *State v. Yardley*, 637 S.W.2d 293, 295 (Mo.App. 1982). Nor does it apply when a defendant states several times to the court that he wants counsel, but will not accept appointed counsel or is ineligible for appointed counsel. *State v. Tyler*, 622 S.W.2d 379, 385 (Mo.App.1981). Otherwise, Section 600.051 "would create a vehicle by which a procedurally wise defendant could frustrate the administration of justice." *Yardley, supra*, at 295–96. No prejudice occurs when the trial judge permits the defendant to proceed pro se without signing a written waiver if the defendant has constantly equivocated in his position regarding counsel, *Tyler, supra*, at 384, or if he refuses to sign a written waiver. In the instant case defendant's unnamed brother was a lawyer and he had not entered an appearance for Williams. From a thorough reading of the transcript one can only conclude that Williams was harassing a very patient and thorough trial judge.

■ A "non-indigent defendant who says he wants a lawyer but refuses to employ one should be admonished of the perils of self-representation." *Yardley, supra*, at 296. The trial judge warned defendant repeatedly that he thought counsel was necessary. He also made a thorough effort, on the record, to inform defendant about each provision listed in Section 600.051. The provisions listed are the nature of the

charges, the right to a jury trial, the possible range of punishment, the likelihood of a jail sentence and the right to have appointed counsel if indigent. As the trial judge noted, defendant had prior experience as a criminal defendant, and could not legitimately argue that he was not knowingly proceeding pro se.

■ Situations in which a defendant appears pro se without being fully informed of the possible consequences are distinguishable. Failure to obtain a written waiver is reversible error if defendant can show that he did not make a knowing and intelligent waiver of counsel, such as when the record does not reflect what, if any, "rights" were explained. *State v. Hamilton*, 647 S.W.2d 594 (Mo.App.1983). Here the record reflects a thorough and conscientious effort to inform defendant and to dissuade him from representing himself. The trial court was not required to appoint an attorney when defendant refused to sign a written waiver. Defendant "invited the alleged error by his equivocal conduct ...." *Tyler, supra,* at 383.

For his second point on appeal, defendant argues that the trial court erred by not declaring a mistrial when the prosecutor revealed that the police had made a videotape of defendant at the station on the night of the arrest. The prosecutor attempted to introduce the tape into evidence. Defendant objected on the grounds that the prosecution had not provided the tape in response to his motion for discovery. The trial court sustained the defendant's objection and excluded the videotape. Testimony concerning defendant's demeanor at the station was offered and received over defendant's objections.

■ The purpose of discovery is to permit a defendant to properly prepare for trial, and especially for cross-examination of witnesses. *State v. Scott*, 479 S.W.2d 438, 442 (Mo. banc 1972). According to Rule 25.16, the possible sanctions that may be imposed by the trial court for failure to comply with the discovery rules are: the court may force disclosure, grant a continuance, exclude the evidence, or enter other

orders it deems appropriate. The remedy lies within the discretion of the trial court. Failure to impose a requested sanction is an abuse of discretion only if admission of the evidence results in fundamental unfairness or prejudice to defendant. *State v. Royal,* 610 S.W.2d 946, 951 (Mo. banc 1981). The court is not required to apply the drastic sanction of mistrial for failure to disclose unless defendant demonstrates that the remedies specified in the rule are inadequate to insure a fair trial. *State v. Smothers,* 605 S.W.2d 128, 132 (Mo. banc 1980).

■ Defendant's discovery motion was sufficiently broad to compel the prosecution to reveal the existence of the videotape. The motion asked the prosecution to "furnish all information as required by law" and cited Rule 25.03, sections one through nine, for specific indications of what was being requested. The rule covers all statements or recordings of statements by defendants, and defendant's request was sufficiently intelligible to alert the prosecution that they should disclose the existence of the videotape. Discovery is not mere etiquette and compliance is not discretionary. *State v. Scott,* 647 S.W.2d 601, 606 (Mo.App.1983). The state has a duty to respond in good faith to the defendant's requests, even if they are not eloquently drawn. *State v. Dentman,* 635 S.W.2d 28, 32 (Mo.App.1982). The prosecution should have revealed the existence of the tape, even if they were unsure of its whereabouts.

■ Defendant has not shown us that the sanction of excluding the tape was inadequate to insure that he received a fair trial. The trial court permitted the officers to testify concerning defendant's statements because their testimony was based on their independent observation and recollection of events at the station. *State v. Scott,* 508 S.W.2d 302, 304 (Mo.App.1974). Defendant was present in the station when the tape was made and knew the substance of its contents from the alcohol and arrest reports supplied to him during discovery.

He did not claim that he was unable to prepare adequately for cross-examination of the witnesses without the videotape, and the trial accordingly was not rendered fundamentally unfair by the failure to disclose the tape. *State v. Hindman*, 543 S.W.2d 278, 285 (Mo.App.1976).

Further, defendant received all the relief he asked for concerning the evidence. He asked the court to exclude the tape from evidence, and his request was granted. He did not request a recess to view the tape or a continuance to complete his preparation for trial. The court was not required to declare a mistrial *sua sponte* when the existence of the tape was disclosed. No sanction other than exclusion of the tape was requested. The trial court did not abuse its discretion by not granting a mistrial. *State v. Bryant*, 658 S.W.2d 935, 937 (Mo.App.1983).

Judgment affirmed.

All concur.