STATE of Missouri, Respondent,

v.

Donald L. BIGGS, Appellant.

No. WD 37370.

Missouri Court of Appeals, Western District.

July 22, 1986.

Robert J. Hiler, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Paula Fridkin, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., Presiding, and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Appellant Donald L. Biggs appeals from a conviction of second-degree burglary, § 569.170, RSMo 1978, and stealing, § 570.-030, RSMo Supp.1984, and concurrent sentences of one year for the burglary and six months for the stealing.

Judgment affirmed.

Defendant does not challenge the sufficiency of the evidence; therefore, a brief statement of the facts will suffice.

Shortly before noon on October 25, 1983, John Pascoe was driving toward his Oak Grove, Missouri, residence. As he proceeded south on his quarter-mile long driveway, he observed an unfamiliar blue pickup truck being driven north toward him. When Mr. Pascoe questioned him, the lone occupant of the pickup stated he was in the driveway searching for a lost dog. The vehicles passed each other and Mr. Pascoe proceeded to his home. There he found his

front door kicked in, many of his possessions on the living room floor, and some valuables missing. After reporting the incident to the police, Mr. Pascoe, accompanied by his wife, visited neighbors to warn them and to ask their help in locating the blue pickup. The Pascoes stopped at the nearby Biggs residence and upon leaving encountered the same blue pickup in the Biggs driveway. Three people were in the truck and at trial Mr. Pascoe identified one of them as the defendant, Donald L. Biggs.

The Pascoes returned to their home and reported the location of the pickup to Jackson County Sheriff's deputies who had responded to the scene. At trial, Deputy Michael J. Roland testified that after he received this information he proceeded north on H Highway and approximately a mile from the Pascoe residence stopped a blue pickup occupied by the defendant and two other men.

Detective Thomas F. Phillips testified that he "dusted" the Pascoe house and objects therein and found latent prints on a stereo turntable, a receiver, a beer bottle and a glass jar. He described for the jury how he lifted the prints and made print cards which he retained in the Sheriff's department property room until he sent them to the Independence, Missouri, police department I.D. Unit. Lyla Thompson, I.D. officer with the Independence police department, testified that the latent prints on the beer bottle and on the glass jar matched those of the defendant. On cross-examination, Ms. Thompson stated that she could not determine the age of the latent prints. Enlarged photos of the latent print cards were received in evidence as state's exhibits; the beer bottle and glass jar from which the prints were taken were neither offered nor received.

## I

■ Defendant presents three points on appeal. In his first point, he alleges that the court erred as a matter of law and to his prejudice by admitting the fingerprint identification evidence without the actual beer bottle and glass jar being produced.

The state relies on the case of *State v. Frith*, 525 S.W.2d 568 (Mo.App.1975), wherein defendant challenged, under the best evidence rule, the trial court's admission of fingerprints taken from a camera found at the burglary victim's house. Defendant had alleged that the camera itself was easily transported and should have been admitted to allow the jury to examine its surface and to view "the smudges, imperfections, overprints and other physical evidence." The *Frith* court rejected this argument, stating that the best evidence rule applies only to documentary evidence. *Frith* at 570, *citing State v. Curry*, 473 S.W.2d 747, 748 (Mo.1971) and *Rice v. United States*, 411 F.2d 485, 486 (8th Cir. 1969). Because the state proved the method of preparing the fingerprint cards and of comparing the prints with those of defendant, the court held the fingerprint evidence was admissible without production of the camera.

*Frith* clearly answers defendant's Point I and requires this court to rule against him. Detective Phillips testified to his method of lifting and preserving the prints found on the beer bottle and the jar and to the chain of custody for the fingerprint cards. Lyla Thompson, the state's expert, testified that, in her opinion, given the numerous points of identification, the prints found at the crime scene on these objects matched those of the defendant. The trial court properly admitted the fingerprint evidence without production of the bottle and jar. Defendant's Point I is denied.

## II

■ For his second point on appeal, defendant challenges comments made during the prosecutor's opening and closing argument which "attempt to subtley [sic] broaden the definition of 'reasonable doubt'" beyond that of MAI–CR No. 2.20 (2d ed.). Defendant did not, however, provide this court with a transcript of the allegedly improper remarks "so his exact words are lost." The state directs our attention to *State v. Stewart*, 636 S.W.2d 345 (Mo.App.1982), wherein the court re-

fused to consider defendant's complaint of improper closing argument by the prosecutor because defendant had failed to include the closing argument in the record on appeal. Defendant has the duty to file a complete transcript containing all evidence necessary for a determination of the points presented on appeal. *Jackson v. State,* 514 S.W.2d 532, 533 (Mo.1974); Supreme Court Rule 81.12(a). Allegedly incorrect remarks, if not presented for review, cannot be considered on appeal. *State v. Battle,* 588 S.W.2d 65, 70 (Mo.App.1979). Defendant has failed to provide a record of the prosecutor's allegedly improper closing argument. As this court has nothing to review, point II is denied.

### III

For his final allegation, defendant asserts trial court error in allowing the trial to proceed and in failing to impose sanctions on the state for an alleged failure to comply with defendant's discovery request, filed January 9, 1985, pursuant to Mo.R. Crim.P. 25.03 (17th ed. 1986). In response the state provides us with a "procedural posture" of the case: Defendant was originally charged by information on December 27, 1983, in case No. CR83–5381. Defendant subsequently filed a request for discovery. On August 14, 1984, the state responded by letter to that discovery request. The information was subsequently dismissed and defendant was indicted by the grand jury on October 26, 1984, in case No. CR84–5021. It was under the latter case number that defendant's January 9, 1985, discovery request was filed.

■ Defendant seems to contend that, because the state's discovery response was made prior to the indictment, under the original case number, he was denied discovery. Defendant does not deny that he received from the state the list of witnesses to be called and the exhibits to be introduced at trial. The purpose of discovery is to enable defendant to adequately prepare his defense to ensure him a fundamentally fair trial. *State v. Dixon,* 655 S.W.2d 547, 557 (Mo.App.1983), *cert. denied,* 464 U.S.

1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984); *State v. Doney,* 622 S.W.2d 227, 232 (Mo. App.1981). Determination of whether the state violated the rules of discovery rests within the sound discretion of the trial court. *State v. Sykes,* 628 S.W.2d 653, 656 (Mo.1982). The trial court abuses this discretion if it fails to impose sanctions for discovery violations only where fundamental unfairness and prejudice to defendant results by admitting the challenged evidence. *State v. Royal,* 610 S.W.2d 946, 951 (Mo.1981); *State v. Kerfoot,* 675 S.W.2d 658, 660 (Mo.App.1984). Fundamental unfairness will be found only if the evidence would have affected the result of the trial. *Stewart,* 636 S.W.2d at 348.

■ This court fails to see how defendant was denied his right to adequately prepare for trial when the prosecutor had responded to defendant's initial discovery request in August 1984. The second case against defendant, generated by indictment rather than information, was based on identical facts and an identical charge. Clearly, there was no prejudice to defendant by the state's failure to resubmit the same discovery information with the second case number appended. Defendant's final point is denied.

Judgment affirmed.

All concur.