**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Russell WENGLER,
Defendant–Appellant.**

No. 53826.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his convictions of two counts of rape. He was found by the court to be a persistent offender and was sentenced to two consecutive 20–year prison terms. We affirm.

The victim, a seventeen year old girl, was walking near her home at approximately 10:00 p.m. on December 7, 1985, when a man approached her and began harassing her. Defendant came to her assistance and persuaded the man to leave. Defendant

then invited the victim to join him for a few beers. The victim agreed and the two drove in defendant's van to a 7–11 store where they purchased a six-pack of beer. For the next hour they drove around in the vicinity of the victim's neighborhood, drinking the beer, talking, and listening to the radio.

Defendant parked his van, and another car pulled up from behind. Terry Walker got out of the car and into defendant's van. Defendant, Walker and the victim drove to Illinois to get more beer, returned to St. Louis, and parked the van on a side street. When the victim attempted to get out of the van and "stretch [her] legs" defendant grabbed her arms and legs while Walker placed his hand over her mouth. Defendant pulled her to the back of the van. Walker held the victim down while defendant removed her pants. Defendant climbed on top of her and had sexual intercourse with her. Both Walker and defendant threatened to stab the victim with a knife if she didn't "shut up." Defendant also "smacked" her while telling her to "shut up." Walker then climbed on top of her and had sexual intercourse with her while de.endant went through her purse.

Later, defendant threw "something" to the victim and told her to "wipe off" and put her pants on. Defendant then "stuck his penis up to her mouth and told her to suck it." She was crying and told defendant that she would get sick, so defendant did not persist.

After arguing with defendant, Walker left the van. When the victim attempted to leave with Walker, defendant pulled her back into the van. Defendant drove away, and while the van was moving at a rate of 15–20 miles per hour, the victim jumped out. She stopped a car driven by Janet Morring and, while crying and appearing extremely upset, told Morring that she'd been raped. Morring found a police officer who took the victim to the hospital.

Approximately eleven days later, defendant inquired of a corrections officer whether there was a warrant for his arrest. He told the corrections officer that he committed a rape and that he had "slapped [the victim] a couple of times to make her spread her legs." He also revealed that Walker had a knife and told the victim he would "stab her full of holes if she didn't go down on him." Defendant claimed he wanted no part of the matter after he learned Walker got the knife "because [Walker] said he was going to kill her."

On appeal, defendant raises one point which has two parts. He contends that the trial court erred in permitting the state, over defense counsel's objection, to cross-examine defendant 1) by using an undisclosed transcript of defendant's testimony in a previous trial of this case to impeach defendant on collateral matters, and 2) in questioning defendant's reasons for giving inconsistent statements.

■ The previous trial of this case, held on March 25, 1987, resulted in an acquittal on one count and a hung jury on two others. The second trial was held on June 15, 1987. Prior to the first trial, defendant filed a motion for supplemental discovery in which defendant requested "all matters discoverable under Supreme Court Rule 25.03."

Rule 25.03 provides in part:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

. . . .

(4) Any existing transcript of the preliminary hearing and of any prior trial held in the defendant's case if the state has such in its possession or if such is available to the state;

The possible sanctions for violating the foregoing rule are given by Rule 25.16, which provides:

If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to make dis-

closure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances. Wilful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

Defendant took the stand in this case. In cross-examining defendant, the prosecuting attorney asked him if he had not made statements, relating to the matters about which he testified on direct-examination, at the prior trial. When defense counsel realized that the prosecuting attorney was using a transcript of defendant's testimony from the former trial, defense counsel objected. The basis for the objection was that, in using the transcript, the prosecuting attorney failed to comply with the September 1986 discovery request.

The trial court overruled defendant's objection, and the prosecuting attorney proceeded to cross-examine the defendant as to statements in the transcript which conflicted with defendant's testimony on direct examination. After the state's cross-examination of defendant, the court ordered the prosecuting attorney to give the transcript to defense counsel for her use overnight. Defendant moved for a mistrial. During the discussion which ensued, it appeared that defense counsel had also represented defendant in the first trial.

The court asked defendant's counsel whether her client would have testified differently under oath had he had access to the transcript prior to cross-examination. Defendant's counsel responded that defendant would not have testified differently, but would have "remembered better" his previous statements. In denying defendant's motion the court specifically noted that defendant's counsel had been present at the previous trial and that she had the opportunity to order the transcript.

█ We note initially that the trial court has wide discretion in determining what sanctions, if any, to impose for failing to disclose evidence as required by the discovery rules. *State v. Neverls,* 702 S.W.2d 901, 903 (Mo.App.1985); *State v. Williams,* 679 S.W.2d 915, 918 (Mo.App.1984). The trial court abuses its discretion only when fundamental unfairness results from admitting the undisclosed evidence. *State v. Biggs,* 713 S.W.2d 618, 621 (Mo.App.1986). In ruling on defendant's motion the court considered a variety of relevant circumstances, including the period of time between the first and second trial, the degree to which the state's failure to disclose the transcript was deliberate, the fact that the same counsel appeared for defendant at both trials and the effect of the failure to disclose on the outcome of the trial.

In light of all the circumstances in this case, we conclude that the trial court did not abuse its discretion.

█ We have also considered defendant's complaint that the statements in the transcript were improperly used for impeachment. Although it is impermissible for the state to impeach a defendant on collateral matters, the impeachment that took place in this case is readily distinguishable from that in *State v. Goodman,* 738 S.W.2d 470, 474 (Mo.App.1987), which defendant cites, because the statements here were directly relevant to defendant's defense of consent, and, unlike the situation in *Goodman,* the statements pertained to the crime for which defendant was on trial, and not other, unrelated crimes. We conclude that the trial court did not err in allowing the prosecuting attorney to impeach defendant with his inconsistent statements made at his first trial.

Judgment affirmed.

GARY M. GAERTNER, P.J., and DOWD, J., concur.